IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

     Plaintiff,                    No. CIV S-10-1120 DAD P

    vs.

L. SANCHEZ,

     Defendant.               <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, commenced this civil action by filing a complaint in the Solano County Superior Court. That action was removed by defendant L. Sanchez to this court pursuant to 28 U.S.C. § 1441(b). Now before the court is plaintiff's opposition to the removal of his action to federal court as well as defendant's request that the court screen plaintiff's complaint.

I. <u>Plaintiff's Request for Remand</u>[1]

        In his opposition to the removal of this action, plaintiff cites 28 U.S.C. § 1367 which provides for supplemental jurisdiction by district courts over state law claims under certain circumstances. Plaintiff argues that this court has discretion to stay the action so that he can

---

[1] The court will construe plaintiff's "opposition" as a motion to remand this action to state court.

proceed with his state court action.  Plaintiff argues that the state court can resolve his civil rights claims and that this court should either reject the removal of the action or stay these proceedings so that the state court can rule on defendant's use of unwritten rules and regulations which are unauthorized under California statutes.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life & Accidental Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Guold v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)).  See also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) The party invoking removal must demonstrate that the resolution of the federal question plays "a significant role in the proceedings." Hunter v. United Van Lines, 746 F.2d 635, 646 (9th Cir. 1984).

Here, defendant has met his burden of establishing federal jurisdiction over this action.  In his complaint, plaintiff presents two claims.  First, plaintiff claims that defendant Sanchez retaliated against him in violation of the First and Fourteenth Amendments to the U.S. Constitution.  Second, plaintiff claims that defendant Sanchez used unwritten rules to harass and retaliate against him in violation of plaintiff's right to access the courts guaranteed by the First Amendment and his Fourteenth Amendment right to due process and equal protection.  Both claims arise under the U.S. Constitution and this court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983.  Indeed, plaintiff does not allege in his complaint any violations of state law. Accordingly, the court finds that defendant's removal of this action to this court is proper.

/////

/////

II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

III.  Dismissal of Complaint with Leave to File an Amended Complaint

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint plaintiff must sufficiently allege each claim as well as the involvement of defendant Sanchez in the particular violation of his constitutional rights alleged.

IV. Legal Standards Governing Plaintiff's Apparent Claims

    A. Retaliation Claim

Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts or their broader right to petition the government for redress of grievances. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Retaliation by a state actor for a prisoner's exercise of a constitutional right is actionable under § 1983, even if the acts, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005).  The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Ultimately, however, the burden is on a plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Id. at 808.

    B. Access to Court Claim

It is well-settled that "[p]risoners have a constitutional right of access to the courts guaranteed by the Fourteenth Amendment." Bounds v. Smith, 430 U.S. 817, 821 (1977). However, an inmate alleging a violation of Bounds must demonstrate an actual injury to court

access.  Lewis v. Casey, 518 U.S. 343, 349 (1996).  The "actual injury" requirement pertains even where a prisoner complains of an inadequate law library or inadequate assistance from persons trained in the law.  Id.  To demonstrate "actual injury," a plaintiff must show that he "could not present a claim to the courts because of the state's failure to fulfill its constitutional obligations."  Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1995).  Actual injury could include, for instance, dismissal of plaintiff's complaint "for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known," or "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."  Lewis, 518 U.S. at 351.  The State is not required to enable the prisoner to discover grievances or to litigate effectively once in court.  Id. at 354.  Rather, the right at issue is the prisoner's right to file a grievance, whether it be in the form of a civil rights complaint or an appeal from his conviction.  Id. at 355.

V.  Deficiencies Plaintiff Must Cure

    A.  Retaliation Claim

In any amended complaint he elects to file, plaintiff must clarify the protected conduct he allegedly engaged in and the adverse action that resulted from the exercise of that protected conduct.  In this regard, plaintiff alleges that from November 11, 2007 to May 4, 2009, he suffered retaliation by defendant Sanchez after engaging in the protected activity of "filing of CDC Inmate 602 Appeal staff complaints" alleging "misconduct" by defendant Sanchez.  (Compl. (Doc. No. 1) at 7.)  However, plaintiff's allegations do not show a causal link between his protected conduct and the alleged retaliatory acts.  For example, plaintiff alleges that on November 11, 2007, defendant Sanchez refused to photocopy plaintiff's documents which were to be used as exhibits in a court case plaintiff was pursuing.  However, plaintiff has not alleged any facts suggesting that defendant Sanchez's action was tied to some prior protected activity that plaintiff had engaged in and that the alleged retaliation was a substantial or motivating factor

1  for defendant Sanchez's actions or conduct.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429

2  U.S. 274, 285-87 (1977).  In fact, plaintiff alleges that defendant Sanchez refused to make

3  photocopies because of verbal rules and instructions he had received from the litigation

4  coordinator.  (Doc. No. 1-1 at 8.)  Therefore, in any amended complaint he elects to file, plaintiff

5  should identify the alleged protected conduct that he contends caused the adverse action taken by

6  the defendant  and should provide allegations demonstrating that there was no legitimate

7  penological goal for the adverse action taken against him.

       B.  Access to Court Claim

          Plaintiff is cautioned that he must allege that he suffered an actual injury to court access.  Plaintiff's vague and general allegation that "he suffered adverse and detrimental consequences as a result of the enforcement of illegal unwritten verbal rules . . ., loss of law library access for legal services, verbal threats" is insufficient.  Plaintiff is also advised that an access to court claim is brought under the Fourteenth Amendment's due process clause, not the Fourteenth Amendment's equal protection clause.

       C.  Recategorization of Inmate Grievances Alleging Staff Misconduct

          The court takes judicial notice of another case filed by plaintiff and other inmates which was removed from the Solano County Superior Court to this court.[2]  In Heilman, et al. v. Cate, et al., No. CIV S-10-0828 MCE KJM P, plaintiffs alleged that in violation of the First, Fifth, Eighth and Fourteenth Amendment and state law, prison officials "promulgated an underground regulation that results in illegal recharacterization of legitimate grievances (602s) (sic) that present issues of staff misconduct" in order to conceal staff misconduct.  Case No. CIV S-10-0828 MCE KJM P, Order and Findings and Recommendations filed June 15, 2010, at 2.  That action was dismissed by the court for failure to state a cognizable claim.  Plaintiff is

---

[2]  A court may take judicial notice of court records.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

cautioned that he should not include allegations in any amended complaint he files in this action concerning the alleged recategorization of inmate grievances of staff misconduct, the legality of such recategorization, and the manner in which his staff misconduct grievance was processed. Those claims would be duplicative of the earlier action and will be dismissed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 5, 2010 opposition to the removal of this action from the Solano County Superior Court to this court (Doc. No. 5), construed as a motion to remand this action to the state court is denied;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 8, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　　　 DALE A. DROZD
　　　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE

DAD:4
hei1120.lta