IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,                    No. CIV S-10-1120 DAD P

    vs.

L. SANCHEZ, et al.,              <u>ORDER AND</u>

    Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from the Solano County Superior Court by defendant Sanchez on April 23, 2010. By order filed November 9, 2010, plaintiff's original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint and a motion to proceed in forma pauperis. In addition, both parties have filed motions requesting that the court screen the amended complaint. (Doc. Nos. 16 & 18.)

I. <u>Motion for Leave to Proceed In Forma Pauperis</u>

        Because this action was removed from state court, the filing fee has been paid. However, plaintiff has requested that this court order service of his complaint on additional defendants and has filed an application requesting leave to proceed in forma pauperis. Plaintiff's

/////

1

application makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

II.  Plaintiff's Claims

As plaintiff was advised in the order filed on November 9, 2010, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

   A.  Claim One

In his first claim, plaintiff alleges that defendants prison law librarian Sanchez and prison litigation coordinator Williams violated his right of access to the court.  In support of this claim, plaintiff alleges that on November 11, 2007, defendant Sanchez refused his request to copy legal documents, resulting in the dismissal of a lawsuit he had filed in the Solano County Small Claims Court.  (Am. Compl., Doc. No. 14 at 7-8, 27.)  In this regard, plaintiff also alleges that defendant Williams ordered defendant Sanchez not to make the copies of legal documents that plaintiff had requested.  (Id. at 8.)

Plaintiff has previously been advised of the legal requirements for stating a cognizable claim for denial of access to the courts and, in particular, the requirement that he must allege facts demonstrating that he suffered an actual injury in connection with the interfering action alleged.  See Order filed Nov. 9, 2010 (Doc. No. 11), at 5-7 (citing Bounds v. Smith, 430 U.S. 817 (1977) and Lewis v. Casey, 518 U.S. 343 (1996)).  The court finds that plaintiff's allegation that his Small Claims Court action was dismissed because he was unable to obtain photocopies of documents is insufficient to satisfy the actual injury requirement and therefore fails to state a cognizable claim.  As the U.S. Supreme Court has explained:

/////

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis, 518 U.S. at 355. See also Stanley v. Superior Court of California, No. 08-55752, 2011 WL 3020803, at *1 (9th Cir. July 25, 2011) ("The district court properly dismissed Stanley's access-to-courts claim because an inmate's constitutional right to access the courts is limited to attacks on his or her conviction, sentence, or conditions of confinement."); Rose v. Montana, No. 10-35048, 422 Fed. Appx. 631, at **1 (9th Cir. March 18, 2011) ("The district court properly dismissed Rose's access-to-courts claims because either they pertained to state law tort causes of action, or Rose failed to allege facts showing how defendants' acts hindered his efforts to pursue challenges to his criminal conviction or prison conditions."); Cosco v. Lightsey, No. 09-17162, 411 Fed. Appx. 959, at **1 (9th Cir. Jan. 24, 2011) (affirming dismissal of § 1983 action where alleged violation of right to access to the courts arose from prison librarian's failure to photocopy a legal document in a timely manner when the underlying litigation was a declaratory judgment action unrelated to any challenge by plaintiff to his conviction or the conditions of his confinement)[1]; Hicks v. Evans, No. C 08-1146 SI (pr), 2011 WL 996751 at *3 (N.D. Cal. March 21, 2011) (concluding that plaintiff failed to state a cognizable access to court claim because the dismissal of his small claims court action did not satisfy the actual injury requirement since that action concerned neither his conviction or the conditions of his confinement).

Here, plaintiff has failed to allege in his amended complaint that his small claim court action which was allegedly dismissed attacked his conviction, sentence, or conditions of

/////

---

[1] Citation to these unpublished decisions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

confinement. Therefore, plaintiff's first claim that his right to access to the court was violated should be dismissed for failure to state a cognizable claim.[2]

B. Claim Two

In his second claim, plaintiff alleges that in violation of the First, Eighth, and Fourteenth Amendments, defendant Sanchez made "'implied' verbal threats of consequential action should the Plaintiff seek remedies under 602 appeal." (Doc. No. 14 at 10.) Plaintiff contends that these threats were made to "'chill'" plaintiff from filing inmate appeals in the future. (Id.)

It is clear under the law of this circuit that an allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (court upheld district court's dismissal of plaintiff's claim that defendants threatened him with bodily harm to deter plaintiff from pursuing legal redress for grievances); see also Corales v. Bennett, 567 F.3d 554, 565 (9th Cir. 2009) ("Under Ninth Circuit law, Plaintiffs do not have a retaliation claim based on threats of discipline for First Amendment activity if that threat is itself based upon lawful consequences and is not *actually* administered."). "[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong." Gaut, 810 F.2d at 92. Additionally, neither verbal abuse nor the use of profanity violates the Eighth Amendment proscription against cruel and unusual punishment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (upholding summary judgment on claim that defendant used vulgar language; profanity, verbal abuse and verbal harassment do not state a constitutional claim under 42 U.S.C. § 1983).

/////

---

[2] If the court has misconstrued the nature of plaintiff's small claims court action, plaintiff may file objections to these findings and recommendations. If he does so, plaintiff is cautioned that must describe the nature of that small claims with specificity and explain how any hindering of his ability to pursue that civil litigation satisfies the actual injury requirement under Bounds v. Smith, 430 U.S. 817 (1977) and Lewis v. Casey, 518 U.S. 343 (1996).

1      Again, the court has previously advised plaintiff of the legal standards governing
2 the claims he is apparently attempting to bring in this action, including this one. See Order file
3 Nov. 9, 2010 (Doc. No. 11) at 5-7.)  Nonetheless, plaintiff has failed to state cognizable claims of
4 denial of access to the courts or retaliation based on his allegations of implied verbal threats set
5 forth in his amended complaint.  Therefore, the court will recommend that plaintiff's second
6 claim be dismissed.

7         C.  Claim Three

8      In his third claim, plaintiff alleges that defendant Williams initiated the issuance
9 of an "'Appeal Abuse Warning'" memorandum which was done to threaten and chill plaintiff's
10 right to access the courts and to file inmate grievances. (Doc. No. 14 at 11.)  The memorandum
11 in question stated:

> You are hereby advised that your continuation to attempt to
> inundate departments throughout the institution with excessive and
> repetitive appeals constitute Appeals Abuse.  You are hereby
> warned that if you continue to disregard the rules and regulations
> outlined in the CCR Section 3084, et al., you may be restricted
> from the appeals process.

16 (Id. at 30.)  The memorandum also notes that prison regulations allow only one non-emergency
17 appeal to be filed by inmates in a seven-calendar day period and that plaintiff had recently
18 submitted five such appeals.  (Id.)  In his amended complaint plaintiff concedes that this
19 memorandum was issued "after this Plaintiff filed several 602 appeals and staff complaints
20 against Defendant L. Sanchez[.]"  (Id.)

21      The court construes these allegations as attempting to state a retaliation claim and
22 finds that plaintiff has failed to allege facts demonstrating that the issuance of the memorandum
23 in question did not advance legitimate correctional goals.  See Rhodes v. Robinson, 408 F.3d
24 559, 567-68 (9th Cir. 2005).  In addition, plaintiff has failed to allege in his amended complaint
25 that retaliation was a substantial or motivating factor for the defendant's issuance of the
26 memorandum.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1977).  To

the extent that plaintiff might be seeking to raise denial of access to the courts or cruel and unusual punishment claims by way of these allegations, the court finds that his amended complaint fails to allege sufficient facts to state cognizable claims in those respects as well. Therefore, the court will also recommend that plaintiff's third claim for relief be dismissed.

   D.  Claim Four

In his fourth claim, plaintiff alleges that on July 6, 2008, defendant Sanchez issued him a prison disciplinary chrono in retaliation for plaintiff engaging in the "protected activity of filing of inmate appeals/grievances and seeking access to court[.]" (Doc. No. 14 at 12.) In that disciplinary chrono, according to plaintiff, defendant Sanchez alleged that on July 6, 2008, plaintiff had disrupted "the orderly operation of the library by yelling very loud at staff[.]" (Id. at 32.)  Defendant Sanchez reported therein that he informed plaintiff that based on a new prison policy, a prisoner's original trust account statement would be mailed via the library, and that the prisoner would be provided a copy of the trust account statement, but not the original. (Id.)  According to defendant Sanchez, plaintiff became "livid" and "started to raise his voice in order to intimidate me by inciting other inmates toward his end." (Id.)  Plaintiff also made a "false assertion that I am making up my own policy to deprive him access to the court." (Id.)

In his amended complaint, plaintiff alleges that he was not informed that a prison disciplinary chrono would be issued and the chrono was placed in his central file without notice. (Id. at 13.)  The exhibits attached to plaintiff's amended complaint indicate that he subsequently filed an inmate appeal and staff complaint against defendant Sanchez regarding this incident.  (Id. at 39.)  The staff investigation resulted in a finding by prison officials that defendant Sanchez did not violate department policy in issuing the disciplinary chrono in question.  (Id. at 39-40.) Although a referral was also made to the Office of Internal Affairs, plaintiff does not allege that staff misconduct was found by Internal Affairs, nor has he attached any exhibit to his amended complaint so indicating.  (Id. at 41.)

/////

1    In order to state a cognizable retaliation claim, plaintiff must allege facts
2 demonstrating that the claimed adverse action was taken because of the plaintiff's protected
3 conduct and that there was no legitimate correctional purpose motivating the adverse action.
4 Here, plaintiff alleges only that defendant Sanchez's issuance of the prison disciplinary chrono
5 was in retaliation against plaintiff due to his engagement in the "protected activity of filing of
6 inmate appeals/grievances and seeking access to court[.]" (Id. at 12.) However, plaintiff does
7 not dispute defendant Sanchez's charge set forth in the disciplinary chrono concerning his
8 conduct in the library. Moreover, documents attached to plaintiff's amended complaint show
9 that an investigation was conducted and reached the conclusion that defendant Sanchez's
10 issuance of the disciplinary chrono did not violate departmental policy. Therefore, plaintiff has
11 not alleged facts demonstrating that retaliation was a substantial or motivating factor for the
12 issuance of the disciplinary chrono by defendant Sanchez. Therefore, the court will recommend
13 that the fourth claim of the amended complaint be dismissed due to plaintiff's failure to allege
14 facts stating a cognizable retaliation claim.

15    E.  Fifth and Sixth Claims

16    In his fifth claim, plaintiff names Dr. Jackson, the principal of the Education
17 Department and defendant Sanchez's supervisor, as a defendant. (Id. at 16-17.) Therein,
18 plaintiff alleges that defendant Jackson reviewed plaintiff's staff complaint against defendant
19 Sanchez for writing the disciplinary chrono. (Id. at 16 & 39.) Because defendant Jackson failed
20 to "take action against defendant Sanchez[,]" plaintiff claims that defendant Jackson participated
21 in the retaliatory action in violation of his rights under the First Amendment. (Id. at 16.)

22    In his sixth claim, plaintiff names vice-principal Beebe as the defendant. As is the
23 case with defendant Jackson, defendant Beebe is defendant Sanchez's supervisor and reviewed
24 plaintiff's inmate appeals in which plaintiff complained about defendant Sanchez. (Id. at 19-20.)
25 Plaintiff alleges that by failing "to correct the misconduct [by defendant Sanchez] . . . [defendant
26 /////

Beebe] turned a 'blind' eye to allow Mr. Sanchez to continue his misconduct against this plaintiff without adverse consequences." (Id. at 20.)

The court finds that in his amended complaint plaintiff has failed to state any cognizable claims against defendants Jackson and Beebe. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Indeed, the Ninth Circuit has recently reaffirmed that a supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, __ F.3d __, ___, 2011 WL 2988827, at *4 (9th Cir. July 25, 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

In addition, plaintiff's mere allegation that defendants Jackson and Beebe reviewed his inmate grievances is insufficient to state a cognizable claim.[3] See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("[Plaintiff's] argument . . . is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself . . . [b]ut . . . [that] is not correct. Only persons who cause or participate in the violations are responsible.

---

[3] Of course, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

1  Ruling against a prisoner on an administrative complaint does not cause or contribute to the
2  violation.") (internal citations omitted); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)
3  (holding that no cognizable claim was alleged against defendants whose only involvement was
4  denying plaintiff's administrative grievances and failing to remedy the alleged retaliatory
5  behavior); Gehrke v. Schriro, No. CV 08-0137-PHX-GMS (DKD), 2010 WL 481426 at *7 (D.
6  Ariz. Feb. 8, 2010) (holding that the defendant's role in denying plaintiff's inmate appeal is
7  insufficient to establish liability where there was no evidence that defendant was aware of
8  plaintiff's medical treatment or delays), Estrella v. Hedgpeth, No. 1:08-cv-01814-SMS PC, 2009
9  WL 2460977, at *4 (E.D. Cal. Aug. 10, 2009) (holding that plaintiff must demonstrate that each
10  defendant, "through his or her own individual actions, violated Plaintiff's constitutional rights.").
11       For these reasons, the court will recommend that claims five and six of plaintiff's
12  amended complaint also be dismissed.
13  III. The Parties' Motions
14       On December 29, 2010, counsel for defendant Sanchez filed a waiver of the right
15  to reply to plaintiff's amended complaint and motion requesting that the court screen the
16  amended complaint. (See Doc. No. 16.) On August 10, 2011, plaintiff filed a motion requesting
17  that the court screen his amended complaint and order service thereof. (See Doc. No. 18.)
18       In light of the analysis set forth above, both motions will be denied as having been
19  rendered moot.

20                           CONCLUSION
21       In accordance with the above, IT IS HEREBY ORDERED that:
22       1. Plaintiff's December 22, 2010 application for leave to proceed in forma
23  pauperis (Doc. No. 15) is granted.
24       2. Defendant Sanchez's December 29, 2010, renewed motion requesting that the
25  court screen plaintiff's amended complaint (Doc. No. 16) is denied as moot.
26  /////

3. Plaintiff's August 10, 2011 motion requesting screening and an order authorizing service of his amended complaint (Doc. No. 18) is denied as moot.

4. The Clerk of the Court is directed to randomly assign this case to a District Judge.

5. A copy of this order shall be served on Deputy Attorney General Virginia I. Papan.

Also, IT IS HEREBY RECOMMENDED that action be dismissed for plaintiff's failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hei1120.fsc