UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:10-cv-01120 JAM DAD P |
| Plaintiff, | |
| v. | ORDER |
| L. SANCHEZ, | |
| Defendant. | |

I. Introduction

On November 7, 2014, this court directed defendant Sanchez to file and serve a pleading responsive to the merits of plaintiff's retaliation claim alleged in plaintiff's First Amended Complaint, which was the subject of the remand by the Ninth Circuit Court of Appeals. (See ECF No. 38.) Thereafter, plaintiff filed two matters which require a response from this court: (1) a motion for leave to file a supplemental pleading (ECF No. 40); and (2) a motion to recuse the undersigned magistrate judge from this action (ECF No. 41). For the reasons that follow, both of plaintiff's requests will be denied.[1]

/////

---

[1] Plaintiff has also filed a request for instructions how to proceed in this action (ECF No. 39), which he apparently signed before receiving the court's November 7, 2014 order. The Clerk of Court properly informed plaintiff that he would be notified by the court when action was taken in his case. (Id.)

1

1    II. <u>Motion to File a Supplemental Pleading</u>

2        Plaintiff moves for leave to file a supplemental pleading pursuant to Federal Rule of Civil

3    Procedure 15(d).  A district court may authorize supplemental pleading "setting out any

4    transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

5    Fed. R. Civ. P. 15(d).  "The purpose of subdivision (d) is to promote as complete an adjudication

6    of the dispute between the parties as is possible."  Wright, Miller, Kane & Marcus, 6A Fed. Prac.

7    & Proc. Civ. § 1504 (2d ed. 2010).

8        Plaintiff states that approximately one year after the filing of his First Amended

9    Complaint (FAC), he discovered a Counseling Chrono (Form CDC-128-A), dated April 27, 2010,

10   authored by defendant Sanchez that is relevant to plaintiff's retaliation claim alleged in this

11   action.  The subject chrono sets forth defendant Sanchez's opinion that plaintiff was "trying to

12   manipulate Library Staff through deception;" that defendant Sanchez did "not feel comfortable

13   being around [plaintiff] and believed that his "physical safety [was] in jeopardy;" and included

14   defendant Sanchez's request that plaintiff not be permitted to come to the library when defendant

15   was on duty.  (ECF No. 40 at 9 (Ex. A).)  The chrono in question further states that defendant

16   Sanchez informed plaintiff that he was not ducated for the library the evening of April 27, 2010;

17   that plaintiff then engaged in a "vicious tirade" against defendant Sanchez, during which plaintiff

18   stated to Sanchez, "that's why I am suing you;" and that defendant Sanchez "accidentally hit [his]

19   alarm" when he "seized a blank paper to begin documenting again [plaintiff's] explosive

20   behavior." (<u>Id.</u>)

21       Plaintiff now avers that this chrono provides the only available documentary evidence to

22   support the allegation of his FAC that defendant Sanchez excluded plaintiff from the library on

23   April 27, 2010 for improper reasons. (<u>Id.</u> at 3.)  In his FAC alleges in pertinent part:

24-27
> On Tuesday April 27, 2010, Defendant L. Sanchez excluded Plaintiff from the law library and library resources as retaliation for plaintiff's submitting appeals/grievances naming Mr. Sanchez and Mr. B.C. Williams for denying plaintiff "access to court" by invoking "unauthorized" policies that were not officially approved or adopted.  Mr. Sanchez falsely activated his emergency staff alarm, telling plaintiff, "I got you now!"

28   (ECF No. 14 at 19 (FAC, ¶ 33).)

2

The new evidence that plaintiff points to in his motion would appear to clearly be relevant to his retaliation claim alleged in this action. However, plaintiff's discovery of that new evidence does not require that a supplemental pleading be filed. The evidence in question would appear to supports plaintiff's allegations concerning an event that is already alleged in his first amended complaint, rather than a new "transaction, occurrence, or event that happened after" the filing date of his FAC. See Fed. R. Civ. P. 15(d). Moreover, the evidence in question would appear to be admissible in support of plaintiff's retaliation claim, as currently framed by the allegations of plaintiff's FAC and as construed by the Ninth Circuit Court of Appeals. That is, plaintiff has already alleged in his FAC that defendant Sanchez threatened plaintiff with disciplinary action if he accessed the prison's grievance mechanisms; and that defendant Sanchez carried out those threats by removing plaintiff from the library and placing notices premised on false accusations in plaintiff's disciplinary file. (See ECF No. 36 at 5.) Thus, the new evidence that he now points to does not give rise to a new claim which plaintiff would be required to plead by why of amendment or supplementation of his operative complaint but rather is relevant to his currently pending retaliation claim without need of supplementation.

For these reasons, plaintiff's motion for leave to file a supplemental pleading is denied as unnecessary.

III.  Motion for Recusal

As noted above, plaintiff also has moved to recuse the undersigned magistrate judge from presiding over this action. Plaintiff's motion is considered pursuant to the standards set forth in 28 U.S.C. §144 and § 455. Specifically, Title 28 U.S.C. § 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding[.]

Title 28 U.S.C. § 455 provides:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

3

      (b)  He shall also disqualify himself in the following circumstances:

      (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

Plaintiff asserts that the following two matters demonstrate that the undersigned is biased against him:  (1) the undersigned Magistrate Judge previously dismissed plaintiff's retaliation claim in this action, thereby allegedly demonstrating "a negative or pre-determined opinion" against plaintiff's claim (ECF No. 41 at 2); and (2) the undersigned allegedly expressed personal prejudice during a January 2014 settlement conference in Heilman v. Vojkufka, Case No. 2:08-cv-02788 KJM EFB P, by, according to plaintiff, stating that plaintiff's case in that matter "and other inmate-generated litigation amounted to 'frivolous' actions, and a waste of time and money . . . ."  (ECF No. 41 at 2.)

Of course, the undersigned's previous adverse ruling in this action is a substantively insufficient basis to support recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (allegations stemming entirely from a district judge's adverse rulings do not provide an adequate basis for recusal).  The proper mechanism by which to challenge an adverse ruling is an appeal, not recusal, Liteky, 510 U.S. at 555, as plaintiff pursued in the instant case.

Similarly, the alleged statements of the undersigned directed toward plaintiff in another civil action he previously brought in this court, unrelated to this case, fail to support plaintiff's contention that the undersigned exhibited personal bias or prejudice towards him.  Plaintiff's broad and unsupported allegation fails to adequately "state the facts and the reasons for the belief that bias or prejudice exists. . . ."  28 U.S.C. § 144.  As the Supreme Court has observed:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  **Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.**

/////

Liteky, 510 U.S. at 555 (emphasis added). Rather, recusal is warranted only by judicial remarks that "reveal an opinion that derives from an extrajudicial source [and] . . . such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. See also Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) ("In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity."). The Supreme Court elaborated on this distinction as follows:

> Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

Id. at 555–56.

Although a judge must recuse himself from any proceeding in which any of the criteria noted above apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate. See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); see also United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000) ("[J]udges are not to recuse themselves lightly under § 455(a)"); In re U.S., 441 F.3d 44, 67 (1st Cir. 2006) ("The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal"); Himan v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). Moreover, the obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling in the course of the action. "Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." Willner v. University of Kansas, 848 F.2d 1023, 1029 (10th Cir. 1988). See also In re Int'l Business Machines Corp., 618 F.2d 923, 932-33 (2d Cir. 1980); Apple v. Jewish Hosp. and

Medical Center, 829 F.2d 326 (2d Cir. 1987) (although § 455 does not contain an explicit timeliness requirement, timeliness has been read into the section); Singer v. Wadman, 745 F.2d 606, 608 (10th Cir. 1984) (recusal motion was untimely where it was filed a year after the complaint was filed and after the appellants had suffered some adverse rulings on interlocutory matters). Thus, a judge must take care not to recuse when it appears that a party may be seeking recusal out of dissatisfaction after sustaining adverse rulings. As the First Circuit has explained:

> [A]n appellate court has no wish to encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes. "[T]he disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."

In re U.S., 441 F.3d at 67 (quoting In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)).

Here, none of the elements supporting recusal are present nor are they reasonably inferred by plaintiff's allegations.[2] Under these circumstances, no "reasonable observer who is informed of all the surrounding facts and circumstances" would conclude that the undersigned's

---

[2] On September 5, 2013, the undersigned presided over a settlement conference in Heilman v. Vojkufka, Case No. 2:08-cv-02788 KJM EFB P, at which time a settlement of that action was reached. The essential terms of that agreement were summarized on the record by defense counsel and plaintiff's counsel, who had been appointed from this court's pro bono panel to represent plaintiff in his civil rights action. The parties were then ordered to file dispositional documents with the court. When those dispositional documents were not received and plaintiff began to dispute the terms of the settlement in court filings he submitted on his own behalf despite being represented by counsel, the undersigned placed the case on calendar for a telephonic conference to address the status of the settlement documents. At that status conference plaintiff raised numerous unfounded claims regarding the agreement that had been reached. The undersigned indicated that, after reviewing the recording of the settlement agreement summarized on the record, it appeared clear to the court that plaintiff was attempting to add terms to the agreement that were not part of the settlement reached and placed on the record at the conclusion of the September 5, 2013 settlement conference. For instance, long after he agreed to the settlement of the action, plaintiff began arguing that he was entitled to reimbursement of his filing fee – a matter that was never agreed to as part of the settlement nor even discussed. The accurate characterization of plaintiff's arguments with respect to the terms of the settlement he had agreed to in that earlier case as frivolous and as unnecessarily wasting the time of both the court and counsel, was obviously not a characterization of any argument that plaintiff may present in future litigation nor was it a statement regarding litigation brought by prisoner plaintiffs in general. Accordingly, no well-informed observer would question my impartiality in this matter.

impartiality might be reasonably questioned in this action. In re Marshall, 721 F.3d 1032, 1041 (9th Cir. 2013) (quoting Cheney v. U.S. District Court, 541 U.S. 913, 924 (2004)).

For all of these reasons, plaintiff's motion for recusal is denied.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion for leave to file a supplemental pleading (ECF No. 40), is denied.

(2) Plaintiff's motion to recuse the undersigned magistrate judge (ECF No. 41), is denied.

(3) Defendant's responsive pleading to plaintiff's amended complaint shall be filed within twenty-one days of the date of this order.

Dated: September 29, 2015

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4/10
heil1120.misc.