UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEILMAN, | No. 2:10-cv-1120 JAM CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| L SANCHEZ, | |
| Defendant. | |

**I.     Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on a retaliation claim against defendant L. Sanchez. Now pending is plaintiff's October 16, 2015, motion for leave to file a second amended complaint including class action allegations. (ECF No. 54.)

**II.    Procedural History**

Plaintiff initiated this action on January 26, 2010, in the Solano County Superior Court. (See Notice of Removal, ECF No. 1.) On April 23, 2010, defendant Sanchez removed the case to the Northern District of California under 28 U.S.C. § 1441(b), and the case was then transferred to this court on May 6, 2010.

On November 9, 2010, the then-assigned magistrate judge dismissed plaintiff's complaint with leave to amend for failure to state a claim. (ECF No. 11.) Plaintiff then filed a first amended

1

complaint (ECF No. 14), which was dismissed without leave to amend for failure to state a claim. (ECF Nos. 20, 22.) Judgment was entered accordingly.

Following plaintiff's timely appeal to the Ninth Circuit Court of Appeals, the decision was reversed in part on July 28, 2014, and the matter was remanded for further proceedings.[1] (ECF No. 36.) Specifically, the Ninth Circuit affirmed the dismissal of all claims but for plaintiff's retaliation claim against defendant Sanchez based on the latter's threats of disciplinary action if plaintiff accessed the prison's grievance system and his carrying out of these threats by removing plaintiff from the library and placing false allegations in his file.

On remand, plaintiff filed a motion for leave to file a supplemental pleading based on the discovery of a Counseling Chrono, dated April 27, 2010, that plaintiff claimed supported his retaliation claim. (ECF No. 40.) This motion was denied on September 30, 2015, on the ground that, though relevant to his retaliation claim, the chrono did not require that a supplemental pleading be filed because the chrono concerned an event already alleged in the complaint. (ECF No. 50.) Defendant was then ordered to file a responsive pleading.

**III. Discussion**

As noted supra, following remand plaintiff filed a request to file a supplemental pleading that was denied as unnecessary on September 30, 2015. Just two weeks later, plaintiff filed the instant "motion for leave of court to file a second amended complaint including class action allegations." Plaintiff moves to amend his complaint in light of newly discovered (though unspecified) evidence of defendant's denial of access to the law library "to inmates based on race, religion, sexual orientation, and/or transgender process." Plaintiff also includes a conclusory claim that senior staff members were aware of defendant's conduct and acquiesced or condoned the unlawful conduct.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P.

---

[1] The mandate was issued on August 20, 2014. (ECF No. 37.)

15(a). Rule 15(a)(2) directs courts to freely give leave to amend a pleading "when justice so requires." The court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962). However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Here, since plaintiff has already amended his pleading once, leave of court is necessary under Rule 15(a)(2) to amend once more. Thus, in order to amend his complaint, plaintiff was required to file a motion demonstrating that amendment is proper and lodge a copy of his proposed amended complaint with the court. See E.D. Cal. Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules.") Plaintiff has not met either of these requirements since his conclusory, two-paragraph motion does not demonstrate that amendment is proper, and he has not filed a copy of an amended pleading for the court's review.

Furthermore, Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will

fairly and adequately protect the interests of the class.

Plaintiff, who does not claim to be an attorney, is proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes nearly absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

Plaintiff's motion will therefore be denied.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's October 16, 2015, motion for leave to file a second amended complaint (ECF No. 54) is DENIED.

Dated:  June 10, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/heil1120.dn.lta