UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEILMAN, | No. 2:10-cv-1120 JAM CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| L. SANCHEZ, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

**I.     Introduction and Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on a retaliation claim against defendant L. Sanchez.

Plaintiff initiated this action on January 26, 2010, in the Solano County Superior Court. (See Notice of Removal, ECF No. 1.) The case was removed to the Northern District of California under 28 U.S.C. § 1441(b) on April 23, 2010, and transferred to this court on May 6, 2010. (ECF Nos. 1, 7.) On November 9, 2010, the then-assigned magistrate judge dismissed plaintiff's complaint with leave to amend for failure to state a claim. (ECF No. 11.) Plaintiff then filed a first amended complaint (ECF No. 14), which was dismissed without leave to amend on November 22, 2011, for failure to state a claim. (ECF Nos. 20, 22.) Judgment was entered accordingly.

Following plaintiff's timely appeal to the Ninth Circuit Court of Appeals, the decision of this court was reversed in part on July 28, 2014, and the matter was remanded for further proceedings.[1] Heilman v. Sanchez, 583 Fed. Appx. 837 (9th Cir. June 13, 2014) (ECF No. 36). Specifically, the Ninth Circuit affirmed the dismissal of all claims but for plaintiff's retaliation claim against defendant Sanchez based on the latter's threats of disciplinary action if plaintiff accessed the prison's grievance system and his carrying out of these threats by removing plaintiff from the library and placing false allegations in his file.

On remand, and following denial of plaintiff's motion to file a supplemental pleading (ECF Nos. 40, 50), defendant was ordered to file a responsive pleading. On December 11, 2015, defendant filed a motion for extension of time to file a responsive pleading (ECF No. 59), and then on February 17, 2016, he filed a motion for summary judgment (ECF No. 64). Less than one month later, defendant filed an answer (ECF No. 74), and a motion to stay discovery (ECF No. 75). These motions are considered herein, as is plaintiff's motion to stay the summary judgment motion or, in the alternative, an extension of time to file an opposition. (ECF No. 73.)

## II. Plaintiff's Allegations

In the December 22, 2010, first amended complaint ("FAC"), plaintiff alleges as follows[2]:

At all times relevant to this action, plaintiff was an inmate housed at California Medical Facility ("CMF") in Vacaville, California. Defendant Sanchez was a Junior Librarian.

Incident One: On November 11, 2007, defendant became angry with plaintiff for seeking copies of legal documents. Defendant made "implied" verbal threats against plaintiff should the latter file a grievance against defendant concerning this incident. From November 11, 2007, to July 6, 2008, defendant continued to make "implied" threats. At some time during this period, plaintiff filed an inmate grievance regarding defendant's conduct.

Incident Two: On July 6, 2008, defendant denied plaintiff copies of plaintiff's inmate trust account statements and in forma pauperis forms. FAC ¶ 18. In retaliation for plaintiff's earlier

---

[1] The mandate was issued on August 20, 2014. (ECF No. 37.)
[2] In light of the Ninth Circuit's order, the court includes only those allegations that were found to state a retaliation claim against defendant Sanchez.

grievance, defendant filed two identical 128-A counseling chronos in plaintiff's central file concerning this July 2008 incident. FAC ¶ 20. Plaintiff became aware of the chronos in late-November 2008 and subsequently filed another grievance against defendant. In October 2009, plaintiff filed a complaint against defendant in the Solano County Superior Court.

<u>Incident Three</u>: On May 4, 2009, defendant ordered plaintiff removed from the law library in handcuffs. FAC ¶ 31. Defendant accused plaintiff of accessing the library without authorization, but plaintiff claims that he had a ducat pass to enter. This incident was in retaliation for plaintiff's earlier grievances.

<u>Incident Four</u>: On April 27, 2010, defendant excluded plaintiff from the law library. FAC ¶ 33. Defendant falsely activated his emergency staff alarm, telling plaintiff, "I got you now!" This incident was in retaliation for plaintiff's earlier grievances.

Plaintiff seeks damages and the removal of the aforementioned chronos from plaintiff's central file.

**III.  Legal Standards**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." <u>In re Oracle Corp. Sec. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R.

Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls

1 v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted).  It is
2 the opposing party's obligation to produce a factual predicate from which the inference may be
3 drawn.  Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to
4 demonstrate a genuine issue, the opposing party "must do more than simply show that there is
5 some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations
6 omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the
7 non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l Bank, 391
8 U.S. at 289).

**IV.     Discussion**

Defendant moves for summary judgment on the grounds that (1) plaintiff cannot demonstrate that any of the acts underlying his First Amendment retaliation claim were retaliatory in nature or that they chilled plaintiff's First Amendment rights, (2) plaintiff cannot state a First Amendment access-to-court claim, (3) plaintiff failed to exhaust his administrative remedies as to the May 4, 2009, incident, and (4) defendant is entitled to qualified immunity.

**A.     First Amendment Retaliation Claim**

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Defendant moves for summary judgment on plaintiff's retaliation claim on the ground that plaintiff cannot support essential elements of this claim, including (a) that the July 6, 2008, chrono issued by defendant was not clearly justified or disciplinary, (b) plaintiff's exclusion from the library on two occasions did not reasonably advance a legitimate correctional goal, and (c) plaintiff's exercise of his First Amendment rights was chilled by defendant's conduct. These arguments are based on defendant's characterization of the events, including that plaintiff was disruptive on July 6, 2008, which led to the issuance of the counseling chrono; that plaintiff was not scheduled to access the law library on May 4, 2009, or April 27, 2010; and that plaintiff filed

1 numerous grievances and lawsuits notwithstanding defendant's conduct.

2 In his motion to stay the summary judgment motion pursuant to Federal Rule of Civil Procedure "56(f)" or, in the alternative, an extension of time to file an opposition, plaintiff argues that defendant's motion is premature since a Discovery and Scheduling Order has not yet issued in this case. Plaintiff seeks an opportunity to conduct discovery and collect evidence necessary to oppose defendant's motion, including internal investigation reports of complaints against defendant, evidence of similar baseless disciplinary notices filed in other inmates' prison central files by defendant, declarations from other inmates to rebut defendant's claim that plaintiff was disruptive; and official CDCR logs regarding actual access to and permission to access the law library.

The court construes plaintiff's Rule "56(f)" motion as one for relief pursuant to Federal Rule of Civil Procedure 56(d).[3] Under that rule, a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). On such a showing, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate

---

[3] Federal Rule of Civil Procedure 56(f) does not provide the relief that plaintiff seeks. Rather, it grants the court authority to enter judgment independent of the motion for a nonmovant, on grounds not raised by a party, or to consider summary judgment on its own after identifying for the parties material facts that may be genuinely in dispute.

1  only where such discovery would be "fruitless" with respect to the proof of a viable claim." <u>Jones
2  v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to
3  show what material facts would be discovered that would preclude summary judgment."
4  <u>Klingele</u>, 849 F.2d at 412; <u>see also</u> <u>Conkle v. Jeong</u>, 73 F.3d 909, 914 (9th Cir. 1995) ("The
5  burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show
6  that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by
7  denying further discovery if the movant has failed diligently to pursue discovery in the past.'"
8  <u>Conkle</u>, at 914 (quoting <u>California Union Ins. Co. v. American Diversified Sav. Bank</u>, 914 F.2d
9  1271, 1278 (9th Cir. 1990).

10    The court finds that plaintiff has met his burden under Rule 56(d) and concludes that it
11  would be virtually impossible for plaintiff to properly oppose defendant's motion for summary
12  judgment on the First Amendment retaliation claim without the benefit of conducting discovery.
13  Therefore, the undersigned will grant plaintiff's Rule 56(d) motion and will recommend that
14  defendant's motion for summary judgment on plaintiff's retaliation claim be denied without
15  prejudice to its renewal at a later time.

16    **B. First Amendment Access-to-Court Claim**

17    Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>,
18  518 U.S. 343, 346 (1996); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009). The right of access
19  to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is
20  limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis</u>, 518 U.S. at
21  354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.
22  <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at
23  655.

24    Defendant next moves for summary judgment on a First Amendment access-to-court
25  claim because plaintiff cannot demonstrate that he suffered "actual injury" as a result of
26  defendant's conduct. There is, however, no access-to-court claim remaining in this action since
27  the Ninth Circuit determined that the only viable claim is plaintiff's retaliation claim. <u>See</u>
28  <u>Heilman v. Sanchez</u>, 583 Fed. Appx. at 839 (reversing the court's dismissal order only on

plaintiff's retaliation claim). Defendant is thus not entitled to summary judgment on this ground.

### C.  Exhaustion of Administrative Remedies

#### 1.  Legal Standards

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2012) (en banc). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule

8

56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### 2. Analysis

Defendant submits evidence that plaintiff failed to exhaust his administrative remedies concerning defendant's allegedly improper removal of plaintiff from the law library on May 4, 2009. Plaintiff has not responded to this argument and has not presented any reason to delay ruling on this portion of defendant's motion. Accordingly, plaintiff will be directed to file an opposition addressing defendant's exhaustion argument within thirty days from the date of this order. The court reserves issuing a recommendation on this issue until the matter has been fully briefed.

### D. Qualified Immunity

#### 1. Legal Standards

Government officials are immune from civil damages "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001) overruled in part by Pearson v. Callahan, 555 U.S. 223, 236 (2009) (overruling Saucier's requirement that the two prongs be decided sequentially). These questions may be addressed in the order most appropriate to "the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. Thus, if a court decides that plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. On the other hand, if a court determines that the right at issue was not clearly established at the time of the defendant's alleged misconduct, the court need not determine whether plaintiff's allegations support a statutory or constitutional violation. Pearson, 555 U.S. at 236, 242.

In deciding whether officials are entitled to qualified immunity, the court is to view the evidence in the light most favorable to the plaintiff and take all pleaded allegations as true. Wood v. Moss, ___U.S.___, ___, 134 S. Ct. 2056, 2065 n.5 (2014); Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

### 2. Analysis

#### a. Violation of a Constitutional Right

The Ninth Circuit has already held that, taken in the light most favorable to plaintiff, the allegations in the first amended complaint demonstrate that defendant Sanchez violated plaintiff's First Amendment rights by threatening him with disciplinary action and then carrying out those threats by removing plaintiff from the library and placing false allegations in his file. This prong of the qualified immunity analysis is therefore resolved in plaintiff's favor.

#### b. Clearly Established Right

As to the second prong, defendant argues that it would not have been clear to a reasonable prison official that his conduct on July 6, 2008 (placing chronos in plaintiff's personnel file), May 4, 2009 (ejecting plaintiff from the law library), or April 27, 2010 (excluding plaintiff from the law library) was unlawful. Defendant does not address his threats spanning the period from November 11, 2007, to July 6, 2008.

Again taking the allegations in the light most favorable to plaintiff, the court finds that defendant has not shown entitlement to qualified immunity. This is because a reasonable prison official should have known that retaliating against a prisoner for filing a grievance by threatening him, placing a false chrono in his personnel file, and/or excluding him from a law library absent a legitimate penological interest was unlawful. "Prison officials cannot use a proper and neutral procedure in retaliation for a prisoner's exercise of his constitutional rights." Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003). "[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (stressing that a mere threat may be retaliatory "regardless of whether it is carried out"). The undersigned will therefore recommend that defendant's motion for summary judgment be denied insofar as it is

based on qualified immunity. In light of this recommendation, defendant's motion to stay discovery pending resolution of the threshold question of qualified immunity will be denied.

## V. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's December 11, 2015, motion for extension of time (ECF No. 59) is granted;
2. Defendant's February 17, 2016, motion for summary judgment (EC No. 64) is deemed timely filed;
3. Plaintiff's March 7, 2016, motion to stay the summary judgment motion or, in the alternative, an extension of time to file an opposition (ECF No. 73) is granted in part;
4. Plaintiff shall file an opposition to defendant's motion for summary judgment for failure to exhaust administrative remedies within thirty days from the date of this order. As noted, the court will reserve issuing a recommendation on defendant's motion for summary judgment at this time insofar as it is based on exhaustion of administrative remedies;
5. Defendant's motion to stay discovery (ECF No. 75) is denied; and

It is HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 64) be denied in part as follows:

1. The motion be denied without prejudice to its renewal as to the First Amendment retaliation claim;
2. The motion be denied as to the First Amendment access-to-court claim; and
3. The motion be denied on grounds of qualified immunity.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  June 16, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/mb;heil1120.msj