UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEILMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>L SANCHEZ,<br><br>    Defendant. | No. 2:10-cv-1120 JAM DB P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

**I.    Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This order follows and supplements a previously-issued order and findings and recommendations regarding defendant's February 17, 2016, motion for summary judgment. (See ECF No. 85.)

**II.    Relevant Procedural History**

Plaintiff initiated this action on January 26, 2010, in the Solano County Superior Court. (See Notice of Removal, ECF No. 1.) The case was removed to the Northern District of California under 28 U.S.C. § 1441(b) on April 23, 2010, and transferred to this court on May 6, 2010. (ECF Nos. 1, 7.) On November 9, 2010, the then-assigned magistrate judge dismissed plaintiff's complaint with leave to amend for failure to state a claim. (ECF No. 11.) Plaintiff then filed a first amended complaint (ECF No. 14), which was dismissed without leave to amend on

1

November 22, 2011, for failure to state a claim. (ECF Nos. 20, 22.) Judgment was entered accordingly.

Following plaintiff's timely appeal to the Ninth Circuit Court of Appeals, the decision of this court was reversed in part on July 28, 2014, and the matter was remanded for further proceedings.[1] Heilman v. Sanchez, 583 Fed. Appx. 837 (9th Cir. June 13, 2014) (ECF No. 36). Specifically, the Ninth Circuit affirmed the dismissal of all claims but for plaintiff's retaliation claim against defendant Sanchez based on the latter's threats of disciplinary action if plaintiff accessed the prison's grievance system and his carrying out of these threats by removing plaintiff from the library and placing false allegations in his file.

On remand, and following denial of plaintiff's motion to file a supplemental pleading (ECF Nos. 40, 50), defendant was ordered to file a responsive pleading. On February 17, 2016, he filed a motion for summary judgment (ECF No. 64). Therein, he moved for summary judgment on the grounds that (1) plaintiff cannot demonstrate that any of the acts underlying his First Amendment retaliation claim were retaliatory in nature or that they chilled plaintiff's First Amendment rights, (2) plaintiff cannot state a First Amendment access-to-court claim, (3) plaintiff failed to exhaust his administrative remedies as to the May 4, 2009, incident, and (4) defendant is entitled to qualified immunity. In response, plaintiff filed a motion to stay the summary judgment motion or, in the alternative, an extension of time to file an opposition. (ECF No. 73.)

In the June 16, 2016, Order and Findings & Recommendations, the then-assigned magistrate judge recommended that the motion be denied without prejudice to its renewal as to the First Amendment retaliation claim, be denied as to the First Amendment access-to-court claim, and be denied on defendant's claim of entitlement to qualified immunity. As to the exhaustion of administrative remedies, the magistrate judge reserved issuing a recommendation and instead ordered plaintiff to file an opposition to the motion for failure to exhaust administrative remedies. Plaintiff has now filed an opposition, and defendant has filed a reply.

---

[1] The mandate was issued on August 20, 2014. (ECF No. 37.)

2

1 The undersigned addresses this remaining issue herein.

## II. Plaintiff's Allegations[2]

At all times relevant to this action, plaintiff was an inmate housed at California Medical Facility ("CMF") in Vacaville, California. Defendant Sanchez was a Junior Librarian. On May 4, 2009, defendant ordered plaintiff removed from the law library in handcuffs. Defendant accused plaintiff of accessing the library without authorization, but plaintiff claims that he had a ducat pass to enter. This incident was in retaliation for plaintiff's earlier grievances against defendant.

## III. Legal Standards

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2012) (en banc). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available

---

[2] Only those allegations that are relevant to the exhaustion issue are reproduced here. For plaintiff's complete allegations, the court refers to its June 16, 2016, Order and Findings and Recommendations. (ECF No. 85.)

3

1  administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.
2  If the defendant carries his burden, the burden of production shifts to the plaintiff "to come
3  forward with evidence showing that there is something in his particular case that made the
4  existing and generally available administrative remedies effectively unavailable to him." Id. This
5  requires the plaintiff to "show more than the mere existence of a scintilla of evidence." In re
6  Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby,
7  Inc., 477 U.S. 242, 252 (1986)). "If the undisputed evidence viewed in the light most favorable to
8  the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule
9  56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment
10 should be denied, and the district judge rather than a jury should determine the facts." Id.

**IV.   Discussion**

Defendant submits evidence that plaintiff failed to exhaust his administrative remedies as to the May 4, 2009, incident, even though such remedies were available to him. Defendant has thus carried his initial burden.

Plaintiff admits that he did not file a grievance concerning this incident but claims that his failure to do so was because (a) he did not believe a grievance would make a difference in light of previously-unsuccessful grievances that he filed against defendant, and (b) he feared retaliation based on defendant's removal of plaintiff from the law library, which plaintiff construed as an "implied" threat of retaliation, and the advice of two staff members who told plaintiff to not file a grievance or else defendant would retaliate against him.

Courts have long "recognized that the PLRA … does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance."). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002)).

The court turns first to plaintiff's claim that he did not file a grievance because he did not think it would be effective. In support of this argument, plaintiff submits an April 6, 2009, "Modification Order" from CMF's Inmate Appeals Office indicating that a staff complaint filed by plaintiff was referred to the Office of Internal Affairs ("OIA") for review. Pl.'s July 21, 2016, Opp'n, ECF No. 90, Ex. A. Plaintiff asserts that the referenced staff complaint concerned defendant and is evidence that complaints against him were treated dismissively by CMF administrative staff. But assuming this document references defendant (there is nothing on the document itself supporting this assertion), it would appear to undermine plaintiff's argument since it shows that his complaints were in fact taken seriously and elevated to the appropriate investigative office.

As to plaintiff's fear of retaliation, the Ninth Circuit has held "that the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies." McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015). To determine when a failure to exhaust is excusable, the court is guided by the following:

> To show that a threat rendered the prison grievance system unavailable, a prisoner must provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance. If the prisoner makes this showing, he must then demonstrate that his belief was objectively reasonable. That is, there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance.

Id.

The evidence here simply does not support the conclusion that plaintiff's administrative remedies were unavailable. Plaintiff's retaliation claim is premised, first, on defendant's refusal to allow plaintiff access to the law library, which plaintiff construed as an "implied threat of future consequences to put fear and apprehension into [plaintiff]." The court is unconvinced. Assuming plaintiff satisfied the subjective prong of the McBride test, he has not make the requisite showing for the second prong. That is, "there [is no] basis in the record from which the [ ] court could

5

1  determine that a reasonable prisoner of ordinary firmness would have understood the
2  [defendant's] actions to threaten retaliation if the prisoner chose to utilize the prison's grievance
3  system." McBride, 807 F.3d at 988.
4      Similarly unavailing is plaintiff's claim that he feared retaliation because of the statements
5  of two staff members. Though there must be some basis in the record to support this claim,
6  plaintiff has failed to submit or refer to any evidence. Instead, plaintiff's operative pleading
7  reveals that he continued to seek redress for defendant's conduct, including through informal
8  requests and an official grievance aimed at determining the results of the OIA investigation
9  referenced supra. Plaintiff also filed a complaint against defendant in the Solano County Superior
10  Court in October 2009. First Am. Compl. ¶ 30.
11     Additionally, defendant submits the declaration of Lieutenant Hall, one of the staff
12  members identified by plaintiff, who specifically denies having ever told or suggested to plaintiff
13  to not file a grievance. See S. Hall Decl. Supp. Def.'s Reply, ECF No. 95, ¶¶ 3-5. Defendant also
14  submits evidence that, notwithstanding plaintiff's fear of retaliatory conduct, he continued to file
15  grievances against CMF staff, including one against defendant on April 27, 2010. See M. Voong
16  Decl. Supp. Def.'s Mot. Summ. J. ¶ 6, ECF No. 69, Ex. A. Finally, defendant submits CMF
17  records demonstrating that plaintiff did not have a ducat for and was not even present at the law
18  library on May 4, 2009. See Y. Cheng Decl. Supp. Def.'s Mot. Summ. J. ¶¶ 7-8, ECF No. 71, Ex.
19  B. This evidence does not support a reasonable inference that plaintiff failed to exhaust his
20  administrative remedies because he "actually believed" the statements of staff members that
21  defendant would retaliate against him. Because the record fails to demonstrate a subjective
22  showing, the court need not address whether a "reasonable prisoner of ordinary firmness" would
23  have believed that any alleged statements made by the staff members were the equivalent of a
24  threat to not use the administrative grievance process or whether that any threat was so severe that
25  it would have deterred a reasonable prisoner from filing a grievance. Id. at 987.

**V.  Conclusion**

    Based on the foregoing, IT IS HEREBY ORDERED that:

    1.  Defendant's motion for an extension of time (ECF No. 92) is GRANTED;

2. Defendant's Reply is deemed timely filed; and

IT IS HEREBY RECOMMENDED that defendant's February 17, 2016, motion for summary judgment for failure to exhaust administrative remedies as to the May 4, 2009, incident (ECF No. 64) be GRANTED and this claim dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: October 20, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;heil1120.msj2