UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THOMAS HEILMAN, | No. 10-cv-01120 JAM DB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| L. SANCHEZ, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This order follows two previously-issued orders and findings and recommendations (ECF Nos. 85; 99) regarding defendant's February 17, 2016, motion for summary judgment (ECF No. 64). A final order has not been entered concerning the motion for summary judgment; however, plaintiff has filed numerous motions in the meantime requesting that the court enter a discovery and scheduling order (ECF Nos. 97; 98; 102), that the court strike a reply filed by defendant (ECF No. 98), and that the court issue a ruling on the pending motions (ECF No. 100). The court will herein address each of plaintiff's motions.

First, plaintiff requested a discovery and scheduling order in multiple motions. (ECF Nos. 97; 98; 102.) Presently though, the procedural posture of the case is uncertain until a final ruling is entered on defendant's motion for summary judgment. Any scheduling order entered now would not be informed by the district judge's final ruling on the summary judgment motion and

1  thus would likely need to be revisited in one way or another after a ruling is entered.  Thus, the
2  entering of such an order is premature.  Once a final ruling is entered on summary judgment, the
3  court will promptly address the discovery and scheduling issues.  Accordingly, these requests are
4  denied without prejudice until the district judge enters an order on the summary judgment motion.

5  Second, plaintiff requested to strike defendant's reply concerning the motion for summary
6  judgment.  (ECF No. 98.)  On June 16, 2016, the magistrate judge then assigned to this case
7  reserved ruling on defendant's motion for summary judgment for failure to exhaust administrative
8  remedies and ordered plaintiff to file an opposition concerning that argument within thirty days.
9  (ECF No. 85 at 11.)  Plaintiff was allowed to file an opposition because he had not previously
10 filed an opposition concerning this issue.  Plaintiff complied and filed his opposition on July 21,
11 2016.  (ECF No. 90.)  Defendant filed a reply memorandum concerning that opposition on
12 August 9, 2016.  (ECF No. 94.)  Plaintiff seeks to strike the reply as an unauthorized sur-reply.
13 While the court did not explicitly state that defendant was to file a reply to plaintiff's opposition,
14 defendant's right to file a reply memorandum is embedded in Local Rule 230(l), which allows the
15 "moving party [to], not more than seven (7) days after the opposition has been filed in CM/ECF,
16 serve and file a reply to the opposition."  Accordingly, this motion is denied.

17 Third, plaintiff requested that this court enter rulings on all pending motions.  (ECF No.
18 100.)  As the court denied without prejudice plaintiff's motions for s scheduling order above, the
19 motion for the court's ruling on those motions is now moot.  Concerning the motion for summary
20 judgment, the final round of objections to the undersigned's findings and recommendations were
21 not filed until *after* plaintiff filed this motion, so, when plaintiff filed this motion for court ruling,
22 the motion for summary judgment was not yet fully ripe for the district court to enter a final
23 ruling. Accordingly, plaintiff's requests for a court ruling are denied.

24 Thus, after the issuance of this order, the only matter ripe for ruling will be defendant's
25 motion for summary judgment, which recently became ripe upon the filing of plaintiff's
26 objections on November 7, 2016.  Once the district court issues a final order on the motion for
27 summary judgment, the procedural posture of this case will be fully settled and the undersigned
28 will be able to issue an appropriate discovery and scheduling order.

In summation, IT IS HEREBY ORDERED that plaintiff's motions for a discovery and scheduling order (ECF Nos. 97; 98; 102) are denied without prejudice; that plaintiff's motion to strike (ECF No. 98) is denied; and that plaintiff's motion for court's ruling in this action (ECF No. 100) is denied.

Dated: December 7, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / heil1120.misc