UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HEILMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>L. SANCHEZ,<br><br>    Defendant. | No. 2:10-cv-1120 JAM DB P<br><br>**ORDER** |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. §1983. Pending before the court are plaintiff's four motions for subpoena duces tecum. (ECF Nos. 110; 111; 112; 114.) For the following reasons, the motions are denied without prejudice.

**LEGAL STANDARD**

A pro se party may request the issuance of a subpoena duces tecum commanding the production of documents from a non-party. Fed. R. Civ. P. 34(c), 45. A plaintiff proceeding in forma pauperis, is generally entitled to have a U.S. Marshal serve any subpoena duces tecum issued by the court. 28 U.S.C. § 1915(d). "Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008). The court will only grant such requests when the documents sought from the non-party are not equally available to the plaintiff

1

and are not obtainable from the defendant through a request for production. Fed. R. Civ. P. 34. Therefore, any motion requesting a subpoena duces tecum must (1) identify with specificity the documents sought and from whom, and (2) make a showing that the requested documents can only be obtained through the non-party. Davis v. Ramen, 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010).

## DISCUSSION

Plaintiff's requests for subpoenas duces tecum against a non-party have failed to meet the legal standards outlined above. Plaintiff's first three requests ask only for a "signed but otherwise blank subpoena duces tecum form." (ECF Nos. 110; 111; 112.) While plaintiff's fourth request identifies the non-party for whom the subpoena is requested ("the CDCR Warden Representative at the Calif. Medical Facility Prison (CMF) in Vacaville, Calif."), it fails to identify with any specificity the documents sought. (ECF No. 114.) Additionally, it fails to make a showing that the requested documents are only obtainable from the CDCR Warden Representative. Accordingly, plaintiff's request for subpoenas duces tecum are deficient and must be denied without prejudice. Plaintiff is permitted to file a new motion that complies with the requirements of the federal rules of civil procedure.

Should plaintiff choose to file a new motion as to the CDCR Warden Representative, the motion should clearly and specifically identify the documents, records, or information sought. Additionally, plaintiff must show the documents, records, or information sought can only be obtained from the identified non-party.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for issuance of subpoenas (ECF Nos. 110; 111; 112; 114) are denied without prejudice.

Dated: June 19, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10

DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / heil.1120.subpoena

3