UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,

v.

L. SANCHEZ,

    Defendant.

No. 2:10-cv-1120 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff is alleging that his First and Fourteenth Amendment rights were violated when defendant threatened retaliation against him were he to file grievances against prison officials. To date, a number of motions and requests have been filed in this case, including, but not limited to motions to appoint counsel, motions to compel, and requests that subpoena duces tecum be issued. The court addresses herein the motions and requests that are outstanding.

## **PROCEDURAL HISTORY**

On January 26, 2010, plaintiff filed this action in Solano County Superior Court. (See ECF No. 1-1 at 2-29 et seq.). The matter was removed to the Northern District Court of

////

California by defendant on April 23, 2010, and eventually transferred to this district on May 6, 2010. (See ECF Nos. 1, 7).

Plaintiff's first amended complaint, filed December 22, 2010 (ECF No. 14), contained six claims, all of which generally related to violations of his First and Fourteenth Amendment rights to have access to courts and to be free from retaliation when exercising his constitutional rights. (See id. at 7-21). Specifically, plaintiff alleged that the originally named defendants, via threats, intimidation and/or retaliation, prevented and/or attempted to prevent him from filing grievances as well as court pleadings. (See generally id.).

On November 22, 2011, this court dismissed plaintiff's complaint for failure to state a cognizable claim against any of the named defendants. (See ECF Nos. 20, 22). Plaintiff appealed, and on November 7, 2014, the Ninth Circuit affirmed in part, reversed in part, and remanded the case for further proceedings. (See ECF No. 36).[1]

The remaining issue in this matter, as determined by the Ninth Circuit, is whether plaintiff has a viable First Amendment retaliation claim against defendant who plaintiff alleges threatened him with disciplinary action if he accessed the prison's grievance system. (See ECF No. 36 at 5; see generally ECF No. 85 at 7-8).

On remand, on February 17, 2016, the sole remaining defendant filed a motion for summary judgment. (ECF No. 64). Defendant also filed an answer to the complaint on March 10, 2016. (ECF No. 74). On January 9, 2017, the court, in relevant part, denied defendant's summary judgment motion with respect to plaintiff's First Amendment retaliation claim. (See ECF Nos. 85, 99, 104).

On March 29, 2017, this court issued a discovery and scheduling order. (See ECF No. 108). Since then, plaintiff has filed numerous motions in this court, some of which remain outstanding. (See ECF Nos. 109, 113, 120, 128, 132, 134). A motion filed by defendant remains outstanding as well. (See ECF No. 122). The court addresses each of these motions herein, as

---

[1] For convenience, the court will cite to the Ninth Circuit's opinions as they are found in the district court's docket instead of citing to the Circuit's dockets.

2

well as a number of "requests" and other pleadings filed by plaintiff. (See ECF Nos. 115, 119, 125, 126, 129, 130, 135, 137, 139, 141).

In January 2018, the court was informed that the parties were interested in participating in a settlement conference. The matter is currently scheduled for April 4, 2018, in front of United States Magistrate Judge Kendall J. Newman. (See ECF No. 136).

The court acknowledges the proximity of the issuance of this order to the pending settlement conference date and that the determinations herein may affect the parties' desire to engage in settlement proceedings. Therefore, if after reviewing this order, either party does not wish to proceed with the settlement conference, the party will be required to notify the court immediately.

## **REVIEW OF MOTIONS AND REQUESTS**

### I.     **Plaintiff's Motion to Appoint Counsel (ECF No. 109)**

#### A.     **Relevant Facts**

Plaintiff requests for a second time that the court appoint counsel to his case. (See ECF No. 109). Plaintiff's previous request for counsel, filed in February 2016 (ECF No. 63), was denied due to his failure to show that exceptional circumstances existed that warranted the appointment of counsel. (See ECF No. 79).

In support of plaintiff's instant request for counsel, plaintiff states that he meets the first prong – the likelihood of success on the merits requirement – because: (1) in July 2014, the court's dismissal of the case for failure to state a claim was reversed and remanded in part by the Ninth Circuit, and (2) in June 2016, this court denied defendant's motion for summary judgment in part. (See ECF No. 109 at 2-5). To support the second prong – the "ability of the plaintiff to articulate his claims pro se" requirement – plaintiff asserts that: (1) he is sixty years old, indigent and representing himself; (2) he has been prosecuting this case since 2007, and the case is likely to proceed to trial; (3) he will not be able to successfully prosecute this case at trial without the assistance of a qualified legal professional, and (4) his attempts to secure legal representation on a contingency basis have been unsuccessful. (See id. at 5-6).

////

**B.     Legal Authority**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (stating same and concluding district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Neither of these factors is dispositive and instead must be viewed together. Palmer, 560 F.3d at 970 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)), but see Richards v. Harper, 864 F.2d 85, 87-88 (9th Cir. 1988) (finding no likelihood of success on merits and not addressing "ability to articulate claims pro se" prong in exceptional circumstances analysis prior to denying motion for counsel). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

**C.     Analysis**

**1. First Prong: Likelihood of Success on the Merits**

The reasons plaintiff provides in support of the first prong of the exceptional circumstances analysis – likelihood of success on the merits – are inadequate. First, implicit in a circuit's reversal and remand of a district court decision is not necessarily that the affected claim therein is one that has sufficient merit that will ultimately lead to a grant of relief. This court dismissed plaintiff's complaint because it believed that plaintiff had failed to present any cognizable claims, that is, any claims that were viable and therefore, could be litigated. (See ECF Nos. 20, 22). The Ninth Circuit reversed and remanded in part because it determined that some

////

of the facts as presented established that plaintiff did, in fact, have a cognizable First Amendment retaliation claim. (See ECF No. 36 at 5-6).

The Ninth Circuit regularly reverses and remands cases without making a substantive finding on the salient issue warranting reversal. Had the Circuit, however, believed that plaintiff's case was meritorious on its face as presented on appeal, it had the power not only to reverse this court's decision but to simultaneously grant plaintiff relief outright without remand. See, e.g., Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014) (assuming actual innocence claim was cognizable, finding insufficient showing in claim to merit relief and reversing district court's decision without remand); see also Yao v. I.N.S., 2 F.3d 317 (9th Cir. 1993) (finding petitioner's claim cognizable but without merit and denying petition outright). However, the Circuit did not grant plaintiff relief outright. For these reasons, plaintiff's argument that the Circuit's partial reversal and remand indicates the likelihood of his claim's success on the merits fails.

As for plaintiff's argument that this court's partial denial of defendant's motion for summary judgment also demonstrates his likelihood of success on the merits, it fails as well. A grant of a motion for summary judgment is appropriate when the moving party can show that "there is no genuine dispute as to any material fact" and that therefore, the movant "is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). The court denied defendant's motion for summary judgment in part pursuant to Federal Rule of Civil Procedure 56(d) because it determined that plaintiff was correct in his assertion that the summary judgment motion was premature; that it would be virtually impossible for plaintiff to properly oppose defendant's summary judgment motion without the benefit of first conducting discovery. (See ECF No. 85 at 7). In so doing, however, the court made no finding as to the viability of plaintiff's retaliation claim. (See generally id.). For this reason, this argument also fails to establish the likelihood of success on the merits prong.

**2. Second Prong: Ability to Articulate Claims Pro Se**

The reasons plaintiff provides in support of the second prong of the exceptional circumstances analysis are also inadequate. Neither plaintiff's age nor his indigence have any bearing on his ability either to articulate his claims or to adequately represent himself. See

5

Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of counsel to sixty-year old appellant proceeding in forma pauperis with no background in law who thoroughly presented issues in petition). The record indicates that plaintiff, though indigent, has adequately represented himself thus far in this matter. Furthermore, the time plaintiff has spent to date litigating this case has no bearing on his ability to adequately represent himself. On the contrary, the fact that this case remains on the court's docket when it was filed in 2010 – in part due to plaintiff's numerous pleadings filed sua sponte – indicates that neither the continued litigation of this case to trial nor the complexity of the issues are beyond plaintiff's acumen. Moreover, the fact that plaintiff had appointed counsel for his Ninth Circuit appeal which led to a partial reversal and remand (see ECF No. 36 at 3) is not persuasive given that the Circuit's decision was based in part on its reading of plaintiff's original and amended complaints (see id. at 2) which plaintiff compiled by himself. Thus, plaintiff has not established that his ability to articulate his claims pro se in light of the complexity of the legal issues involved is lacking.

For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Consequently, his request for appointment of counsel (ECF No. 109) will be denied without prejudice.

**II.     Plaintiff's Motion to Compel Defendant to Comply with Discovery Requests and "Reply" and Motion to Withdraw Same (ECF Nos. 113, 116, 119, 127)**

    **A.     Relevant Facts**

        **1.     Plaintiff's Motion to Compel**

On June 5, 2017, plaintiff filed a motion to compel. (ECF No. 113). In it, plaintiff asked that defendant be ordered to respond to the discovery requests related to his claim of defendant's refusal to make copies of documents for plaintiff's court actions. (See id. at 1-2). He also asked for sanctions. (Id. at 14). In the same motion plaintiff also seeks clarification of the court's partial grant and denial of defendant's motion for summary judgment issued June 16, 2017. (See ECF No. 113 at 13; see also ECF No. 85).

Shortly thereafter, defendant opposed the motion to compel arguing that it should be denied because: (1) plaintiff had failed to attempt to meet and confer prior to filing the motion to compel in violation of Local Rule 251; (2) defendant had properly and fully responded to plaintiff's discovery requests, and (3) plaintiff had failed to indicate which discovery responses he believed were inadequate. (See ECF No. 116 at 1-3).

### 2. Plaintiff's "Replies" / Motion to Withdraw and Refile

On June 26, 2017, plaintiff filed a "reply" to defendant's opposition to his motion to compel. (ECF No. 119). In the reply, plaintiff requested that his motion to compel (ECF No. 113) be withdrawn without prejudice to allow him "to refile on these issues and to include such additional request for a court order to compel the defendant to provide supplemental responses to discovery requests." (See id. at 1-4).

On July 25, 2017, plaintiff filed a second "reply" to defendant's opposition to his motion to compel discovery. (See ECF No. 127). The statements therein were somewhat similar to plaintiff's first reply. (Compare ECF No. 119, with ECF No. 127). Plaintiff claimed he had yet to receive supplemental discovery he had requested of defendant (see ECF No. 127 at 3), and plaintiff reiterated that he had requested that his motion to compel be withdrawn (see id. at 2, 5-6).

**B.   Analysis**

### 1. Motion to Compel-Related Filings

Plaintiff's June 26, 2017 motion to withdraw the June 5, 2017 motion to compel (see ECF Nos. 113, 119) is now reflected in the court's docket. Thus, the motion to withdraw (ECF No. 119) has been granted in part. However, given the pending settlement conference, the court will deny without prejudice plaintiff's simultaneous request in the motion to withdraw that he be permitted to refile the motion to compel along with a request that defendant be ordered to provide supplemental discovery responses (see ECF No. 119 at 1-3). Discovery dates in this case have passed, and both parties have represented that they are open to settlement, presumably based in part upon what discovery has yielded to date. Should the case not settle, if the court permits

////

additional discovery, both parties will be free to either renew or submit limited additional discovery requests.

### 2. Clarification of Summary Judgment Order

Regarding plaintiff's request for clarification of the court's summary judgment order (see ECF No. 119 at 3), in July 2014, the Ninth Circuit determined that plaintiff's retaliation claim against defendant was viable to the extent that: (1) it relates to defendant allegedly threatening plaintiff with disciplinary action should he access the prison's grievance system, and (2) it relates to instances where defendant carried out said alleged threats by removing him from the library and placing false disciplinary notices in his file. (See ECF No. 36 at 5-6).

Thereafter, in this court's June 2016 partial denial of defendant's motion for summary judgment, the district court reiterated that the only viable claim remaining in this matter is plaintiff's retaliation claim (see ECF No. 85 at 2).[2] It also determined that it would be virtually impossible for plaintiff to properly oppose defendant's summary judgment motion without the benefit of conducting discovery. (See id. at 5-7). Thus, should settlement not occur, future arguments and discovery requests by plaintiff must <u>only</u> relate to establishing retaliation in the course of plaintiff exercising his constitutionally protected rights.

### III. Plaintiff's "Motion to Modify Discovery and Scheduling Order" and Subpoena Duces Tecum Requests (ECF Nos. 115, 120, 125)

#### A. Relevant Facts

On June 30, 2017, plaintiff filed what he called in part a "Motion to Modify the Discovery and Scheduling Order." (See ECF No. 120). In it, however, what plaintiff actually asks for is that the court direct the clerk of court to send him a signed subpoena duces tecum form, pursuant

---

[2] Therefore, documents related to claim one in plaintiff's first amended complaint (see ECF No. 14 at 7-9) are not relevant to plaintiff's remaining First Amendment retaliation claim. As this court and the Ninth Circuit have both stated, plaintiff's constitutional rights were not violated in the November 2007 incident when defendant refused to make copies for plaintiff's court proceedings because those court proceedings were not ones which either attacked plaintiff's sentence or challenged the conditions of plaintiff's confinement. (See ECF No. 20 at 2-4; see also ECF No. 36 at 2-3). On the contrary, the proceedings related to a small claims matter. (See ECF No. 14 at 1).

8

to Federal Rule of Civil Procedure 45(a)(3). Plaintiff also seeks an order that the completed form be served upon the warden representative at CMF-Vacaville, a non-party, without prepayment of costs.[3] (See ECF No. 120 at 2-3). In the motion, plaintiff also requests time to review the warden's responses to his discovery requests as well as time to file motions to compel supplemental responses. (See id. at 3). Plaintiff made the requests while simultaneously informing the court of his intent to file a writ of mandamus in the Ninth Circuit to order this court to provide him with the subpoena duces tecum he had "repeatedly requested." (See ECF No. 120 at 2-3). The writ of mandamus was filed and subsequently denied. (See ECF No. 133).

Less than two months prior to plaintiff filing the instant request for a subpoena duces tecum, plaintiff had filed several similar requests. (See ECF Nos. 110, 111, 112, 114, 115). On June 20, 2017, the court denied four of them without prejudice, stating that they were deficient because plaintiff had failed pursuant to requirements in this district to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the requested documents could only be obtained through the non-party. (See ECF No. 117 at 1-2 (citing to Davis v. Ramen, 1:01-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010)).

**B.     Analysis**

A review of the June 20, 2017 order indicates that plaintiff was given clear direction regarding what he needed to provide in order for a subpoena order to issue. (See ECF No. 117 at 1-2). Plaintiff fails to do so. (See generally ECF No. 120). Specifically, plaintiff's motion fails to identify with specificity the documents sought from the warden representative. It also fails to establish that the documents plaintiff is seeking can only be obtained through the representative. (See id.). The same can be said for plaintiff's subpoena duces tecum request filed on June 14, 2017. (See ECF No. 115). For these reasons, the court will deny these two subpoena duces tecum requests (ECF Nos. 115, 120) without prejudice.

---

[3] The scheduling order requires prepayment of costs, regardless of in forma pauperis status. (See ECF No. 108 at 4). The court presumes the elimination of the prepayment of costs requirement is the "modification" plaintiff seeks.

9

On July 21, 2017, plaintiff filed a seventh subpoena duces tecum request. (See ECF No. 125). The pleading lists a number of documents plaintiff would like to have. (See id. at 7-10). It also states that plaintiff had previously requested the documents from the litigation coordinator at CMF-Vacaville but received no response. (Id. at 7). Plaintiff, however, provides no documentation of his request having been made. (See generally id.). A review of the list indicates that some of the documents plaintiff requests do not appear to be relevant to his remaining claim of retaliation. (See, e.g., id. at 8-9 (requesting document directing defendant to attend diversity training as well as all inmate appeals and staff complaints filed against defendant)). Therefore, they cannot be requested of the warden representative. See Fed. R. Civ. Proc. 26(b)(1) (limiting scope of discovery to relevant material); see Jimenez v. City of Chicago, 733 F. Supp. 2d 1268, 1273 (N.D. Cal. Aug. 18, 2010) ("The compulsion of production of irrelevant information is an inherently undue burden.") (citation omitted).

Finally, given that the settlement conference is pending, the court declines at this time to evaluate whether plaintiff has sufficiently demonstrated that the requested documents could only be obtained through the non-party. The court, therefore, will also deny this subpoena duces tecum request (ECF No. 125) without prejudice.

**IV.     Defendant's Motion to Compel Discovery and Related Filings (ECF Nos. 122, 126)**

    **A.     Relevant Facts**

On July 12, 2017, defendant filed a motion to compel discovery. (ECF No. 122). In it, defendant requested that the court order plaintiff to respond to discovery, or in the alternative, continue the discovery cut-off date beyond July 13, 2017 in order to provide plaintiff with additional time to respond to defendant's discovery requests. (See id. at 1-2). Defendant alleged that the motion was being made on the grounds that plaintiff had failed to meaningfully participate in his deposition and had failed to supplement evasive responses he had given during his deposition. (See ECF No. 122 at 1-2; ECF No. 122-1 at 1-3). This, defendant stated, led to defendant propounding written discovery requests after the date permitted by the court's

////

////

discovery order but before the close of discovery. (See ECF No. 122 at 1-2; ECF No. 122-1 at 1-2). In addition, it was alleged that plaintiff had failed to respond to supplemental written discovery requests. (See id.).

Plaintiff filed an opposition on July 24, 2017. (ECF No. 126). Plaintiff asserts that he had not "failed to meaningfully participate" in the discovery proceedings. On the contrary, at his May 2017 deposition, plaintiff claims he had answered all of defendant's questions to the best of his ability, and he had responded to defendant's requests for records that were in his possession. He was, however, unable to recall the answer to one of defendant's questions during his deposition and a meet and confer. (See id. at 2). Plaintiff also alleged that defendant had propounded written discovery after the court's deadline. (See id. at 2-3). For these reasons, plaintiff asserted, defendant's statements that plaintiff's answers had been evasive and had led to defense counsel having to propound written discovery after plaintiff's deposition were untrue. (See id. at 3).

**B.  Analysis**

The parties' statements in defendant's motion to compel and plaintiff's opposition to it clearly indicate that should this case not settle, outstanding discovery matters will remain. For this reason, the court will deny defendant's motion to compel (ECF No. 122) without prejudice. In the event that settlement does not occur, upon request by one or both of the parties the court will consider modifying the current discovery schedule if need be.

**V.  Plaintiff's "Notice" and Motion to Compel Supplemental Responses to Discovery (ECF Nos. 124, 128)**

On July 21, 2017, a "notice" to defendant to provide supplemental responses to discovery was filed in court by plaintiff. (See ECF No. 124). The notice appears to have been timely filed.[4] In it, plaintiff stated that he had resubmitted his request to defendant to provide supplemental responses to his discovery requests.

---

[4] The notice appears to have been timely filed given that plaintiff affirms he placed it in the prison mail on July 12, 2017 (see ECF No. 124 at 5), and the cut-off date to file motions to compel was July 13, 2017 (see ECF No. 108 at 5). See Hostler v. Groves, 912 F.2d 1158, 1161 (9th Cir 1990) (holding mailbox rule in habeas cases applies to non-habeas civil cases filed by pro se prisoners).

11

Shortly thereafter, on July 27, 2017, plaintiff filed a second motion to compel supplementary discovery responses from defendant. (See ECF No. 128; see also ECF No. 113 (first motion to compel)). The motion also requested a status update on outstanding discovery motions.[5] (See ECF No. 128 at 2-5). Once again, given the pending settlement conference, the court will deny plaintiff's second motion to compel (ECF No. 128) without prejudice. However, given the court's delay in responding to the parties' outstanding discovery motions, the court is inclined to allow the parties to renew relevant discovery requests in the event the case does not settle.

**VI.  Plaintiff's Request for Judicial Notice (ECF No. 130)**

**A.  Relevant Facts**

On September 8, 2017, plaintiff requested that the court take judicial notice of specific documents. (See ECF No. 130). Plaintiff states that the documents are relevant because they relate to prison library staff and others denying plaintiff access to the library as retaliation for his filing of grievances. (See id. at 2).

**B.  Legal Authority**

A court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The court, however, is not obligated to take judicial notice of documents that are not relevant to the matter at hand. See, e.g., Cuellar v. Joyce, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice given materials at issue were not relevant to disposition of appeal); see also Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (court declining to take judicial notice of reports due to lack of relevance).

---

[5] This motion was placed in the prison mail by plaintiff on July 24, 2017, after the July 13, 2017 cut-off date to file motions to compel. (See ECF No. 128 at 13; see also ECF No. 108 at 5).

### C. Analysis

The Ninth Circuit has determined that: (1) plaintiff's claim against defendant for failure to make photocopies was properly dismissed, and (2) the sole remaining viable claim in this action is plaintiff's claim against defendant for retaliation. (See ECF No. 36 at 2-3. 5-6). A review of the documents of which plaintiff requests that the court take judicial notice indicates that they all relate to prison staff purportedly interfering with plaintiff being able to mail documents for a small claims matter he had pending in superior court in June 2009. (See ECF No. 130 at 6-19). Consequently, they are not relevant to plaintiff's remaining claim. Therefore, plaintiff's request for judicial notice of these documents (ECF No. 130) will be denied with prejudice.

## VII. Plaintiff's Motion for Documents and Information for Summary Judgment Motion (ECF No. 132)

### A. Relevant Facts

On September 22, 2017, plaintiff filed a motion for documents, records and information. (See ECF No. 132). The motion requests the supplemental discovery items that plaintiff had previously requested of defendant in his motions to compel. (See id. at 1). Plaintiff requests the items so he can use them in a future motion for summary judgment. (Id. at 1-2).

In the motion, plaintiff also moves once again that the court issue a subpoena duces tecum to CMF-Vacaville's warden representative without prepayment of costs. (See id. at 1-2). Plaintiff also asks for an extension of the dispositive motions deadline. (Id. at 4-5). Plaintiff alleges that the documents, records and information requested as well as defendant's responses to plaintiff's supplemental discovery questions will ultimately demonstrate that the summary judgment motion he intends to file should be granted. (See id. at 4).

### B. Analysis

Like a number of plaintiff's previous discovery requests, a review of the vague list of items plaintiff would like to have produced indicates that some of the items either do not appear

to be relevant to plaintiff's remaining retaliation claim against defendant or they are premature.[6] (See id. at 4). Therefore, in light of the passed discovery deadlines as well as the pending settlement conference, this motion for documents and information (ECF No. 132) will be denied.

**VIII. Plaintiff's Motion for Change of Venue (ECF No. 134)**

    **A.    Relevant Facts**

On January 2, 2018, plaintiff filed a motion for change of venue. (ECF No. 134). In the motion, plaintiff requests that his case be transferred to the Northern District of California due to the following: (1) that this court's dismissal of his case for failure to state a claim was overturned in part by the Ninth Circuit and was found to be an abuse of discretion; (2) that his motion to have a prior presiding magistrate judge recuse himself due to his past rulings adverse to plaintiff (see ECF No. 41) was considered and denied by the same presiding magistrate judge, and (3) that plaintiff's filings in this case have been "excessively delayed" by this court, and he has been prejudiced as a result.[7] (See ECF No. 134).

    **B.    Analysis**

        **1.    Change of Venue and Abuse of Discretion**

The motion for change of venue must be denied. First, plaintiff's statement that the Ninth Circuit found that this court's dismissal of his case for failure to state a claim constituted an abuse of discretion is incorrect. A review of the Circuit's opinion shows that it clearly states, "With respect to those aspects of the complaint that were properly dismissed, the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment." (See ECF No. 36 at 6) (underline added).

---

[6] For example, plaintiff lists a copy of a cover letter defendant purportedly attached to plaintiff's prison records and sent to Esquire magazine. (See ECF No. 132 at 4). Plaintiff also lists "the full names and current prison facilities of possible staff witnesses at trial" as other information that he would like to have. (See id.).

[7] Plaintiff again refers to the writ of mandamus he filed in the Ninth Circuit in order to have this court ordered to "properly conduct its legal duties in the proper and just management of this case." (See ECF No. 134 at 5-6). He believes its filing may create further bias against him in this court. (See id. at 6). The petition was denied on December 19, 2017, on the grounds that the matter did not warrant the Circuit's intervention via mandamus. (See ECF No. 133).

14

Second, 28 U.S.C. § 1404(a) states that for the convenience of parties and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. See id. Plaintiff is reminded that this case, originally removed from state court to the Northern District of California by defendant (see ECF Nos. 1, 4), was ultimately transferred to this district because the acts of which plaintiff complains occurred in this district, specifically, at the California Medical Facility located in Vacaville, California. (See ECF No. 4).

Thus, venue in the Northern District was not appropriate. Moreover, defendant has not consented to a change of venue. Cases may only be adjudicated where venue is lawful. Additionally, the fact that this case has been pending in this court for eight years and now appears to be moving toward conclusion is compelling evidence that transfer at this stage would not serve the interests of justice. See, e.g., Kasey v Molybdenum Corp. of America, 408 F.2d 16, 20 (9th Cir. 1969) (stating litigation pending for nine years and currently appearing to move towards conclusion constitutes compelling evidence that transfer would not serve interests of justice).

### 2. Presiding Magistrate's Failure to Recuse

Plaintiff asserts that bias occurred when a prior presiding magistrate judge who had ruled adversely to plaintiff, denied plaintiff's motion that he recuse himself. However, recusal is not warranted on the ground that a judge has previously ruled adversely to the moving party. See generally 28 U.S.C. § 455; see Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); see also Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (stating previous adverse ruling alone not sufficient bias to provide grounds for recusal). Therefore, this argument is without merit as well.

### 3. Allegations of Excessive Delay and Prejudice

As for plaintiff's assertion that excessive delay and prejudice have occurred in this case, first, plaintiff fails to indicate precisely what prejudice he has experienced. (See generally ECF No. 134). Although he claims "[s]uch delays have resulted in the evidence growing stale, and probable difficulties in locating and obtaining inmate and prison officials to testify at trial" (id. at

15

4) (brackets added) (underline added), he fails to identify the precise evidence that has "grown stale," the individuals whose testimony he believes is essential, as well as what that particular testimony would be, if he were permitted to present it. (See generally id.).

Moreover, to the extent plaintiff complains of this case being "excessively delayed" by this court (see ECF No. 134 at 3), plaintiff is also reminded that his multiple filings, a number of which are duplicative, multi-issued in content, incongruent and/or premature, have contributed significantly to any purported delay in this case. In light of these facts, plaintiff's lament of "excessive delay" in this case rings quite hollow. For these reasons, plaintiff's motion for a change of venue (ECF No. 134) will be denied with prejudice.

## IX. Plaintiff's Requests for Court Rulings and Requests for Status (ECF Nos. 129, 135, 137, 141)

Between August 2017 and February 2018, plaintiff has filed several requests for court rulings and/or status (see ECF Nos. 129, 135, 137, 141). Given that the court has addressed all outstanding motions in this matter and that a settlement conference is pending, the court denies these requests for rulings and/or status (ECF Nos. 129, 135, 137, 141) as moot.

## X. Plaintiff's "Objections" to Scheduling of Settlement Conference (ECF No. 139)

On February 5, 2018, plaintiff filed "objections" to the court having scheduled a settlement conference in this matter. (See ECF No. 139). Plaintiff's objections stem from the fact that motions and pleadings in this matter have yet to be resolved. Plaintiff states his intention to participate in the conference, but feels "it is in [his] best interests to document the court's mismanagement of this case" which he alleges has "prejudiced his ability to prosecute this action." (Id. at 2) (brackets added).

First, all outstanding motions in this action have been addressed. To the extent plaintiff objects to the scheduling conference being calendared without said issues having been addressed, the concern is now moot.

Next, plaintiff is reminded that this settlement conference is voluntary. However, once a party agrees to participate in a settlement conference, there is a presumption that the participants will negotiate in good faith. See generally Fed. R. Civ. Proc. 16(f)(1)(B) (allowing for sanctions

due to failure to participate in settlement conference in good faith).

Therefore, a district court may impose sanctions if a litigant fails to participate in a settlement conference in good faith. See id.; see also In re Grand Jury Proceedings, 13 F.3d 1293, 1295 (9th Cir. 1994) (finding that 28 U.S.C. § 1286 allows court to hold witness in civil contempt where he refuses without just cause to comply with an order of the court to testify). The court has wide discretion to impose sanctions under Rule 16(f). See Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396-97 (9th Cir. 1993) (citation omitted).

In this case, the court received notice in late January 2018 that both parties were interested in participating in a settlement conference. However, should either party not wish to participate in a settlement conference, the parties are directed to inform the court within seven days of the date of this order.

The court will not order a settlement conference unless both parties agree to participate, otherwise it is a waste of judicial resources. If the court does not hear from either party within that period, the settlement conference will remain on calendar.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's April 17, 2017 motion to appoint counsel (ECF No. 109) is DENIED without prejudice;

2. Plaintiff's requests for subpoenas duces tecum (ECF Nos. 115, 125), are DENIED without prejudice;

3. Plaintiff's June 26, 2017 "reply" to defendant's opposition to plaintiff's motion to compel (ECF No. 119) is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's request therein to withdraw his June 5, 2017 motion to compel (ECF No. 113) without prejudice is GRANTED, and

    b. Plaintiff's request therein that he be permitted to refile his motion to compel in order to require defendant to provide supplemental responses to plaintiff's discovery requests is DENIED without prejudice;

4. Plaintiff's June 30, 2017 "motion to modify" (ECF No. 120) which requests the issuance of a subpoena duces tecum is DENIED without prejudice;

5. Defendant's July 12, 2017 motion to compel discovery (ECF No. 122) is DENIED without prejudice;

6. Plaintiff's July 27, 2017 motion to compel supplemental responses (ECF No. 128) is DENIED without prejudice;

7. Plaintiff's September 8, 2017 request for judicial notice (ECF No. 130) is DENIED with prejudice;

8. Plaintiff's September 22, 2017 motion for documents, records and information (ECF No. 132) is DENIED;

9. Plaintiff's motion to change venue (ECF No. 134) is DENIED with prejudice;

10. Plaintiff's requests for court rulings and/or status (ECF Nos. 129, 135, 137, 141) are DENIED as moot, and

11. Within THREE days of the date of this order, each party is to inform the court if he does not wish to participate in the settlement conference scheduled for April 4, 2018.

Dated: March 27, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DLB/ORDERS/ORDERS.PRISONER.CIVIL.RIGHTS/heil1120.misc.sc

18