UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>    Plaintiff,<br><br>v.<br><br>L. SANCHEZ,<br><br>    Defendant. | No. 2:10-cv-1120 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to modify / reopen discovery (ECF No. 144), a request for the status of the motion to modify (ECF No. 145), and a motion to stay proceedings or in the alternative, to vacate the settlement agreement (ECF No. 148). Defendant has filed a motion to strike plaintiff's request for status re: plaintiff's motion to modify / reopen discovery. (ECF No. 147). For the reasons stated herein, the court will: (1) deny plaintiff's motion to modify; (2) grant defendant's motion to strike plaintiff's request for status, and (3) strike plaintiff's motion to stay proceedings or vacate the settlement agreement.

I.     PROCEDURAL HISTORY AND RELEVANT FACTS

On April 4, 2018, a settlement conference was held in this matter. (See ECF No. 143). The case did not settle. (See id.). Thereafter, on April 11, 2018, plaintiff filed a motion to

modify / reopen discovery. (ECF No. 144). However, on April 13, 2018, in Thomas John Heilman v. A. Silva et al., No. 3:13-cv-2984 JLS AGS (S.D. Cal.) ("Heilman v. Silva"), plaintiff agreed to settle the instant matter as well as three other actions. (See Heilman v. Silva, ECF No. 360; see also ECF No. 146-1 at 1-2, ¶ 2; 10 (Heilman v. Silva docket)). Despite this fact, one month later, in the instant proceedings, plaintiff filed a request for status regarding his motion to modify / reopen the discovery schedule. (See ECF No. 145).

On May 23, 2018, defendant filed a notice of settlement of this action as well as a declaration from defense counsel in support of the notice. (ECF Nos. 146, 146-1). In the declaration, defense counsel states that on April 13, 2018, plaintiff and his counsel of record in Heilman v. Silva agreed to settle that case as well as three additional cases, one of which is the instant matter. (See ECF No. 146-1 at 1-2, ¶ 2). The declaration of defense counsel further asserts:

> I am informed and believe that the official transcript from this settlement proceeding is under review by the parties and is not yet finalized. (*See Id*., Ex. A: ECF entry No. 364.) It is my understanding that the court's transcript from the April 13, 2018 settlement conference documents Plaintiff Thomas John Heilman's agreement to settle and voluntarily dismiss this matter with prejudice. It is also my understanding that in the agreed settlement documented, Heilman will receive one lump sum for settling the four cases, *Heilman v. A. Silva, et al*., S. D. Cal., 3:13-cr-02984 JLS-AGS [sic]; *Heilman v. Furster, et al.,* C. D. Cal., CV15-9987 JVS (FFM), *Heilman v. Dillen,et al.,* C.D. Cal., 2:14-cv-06298 JVS (FFM), and *Heilman v. Sanchez,* E.D.Cal. C 10-1120 JAM-DB[]. As additional consideration for the settlement, the agreement also notes that Deputy Attorney General Tiffany Johnson will write a letter to the California Department of Corrections and Rehabilitation recommending they remove and expunge certain write-ups, 128(a) and 128(b) chronos, dated July 6, 2008, and April 27, 2010, related to this case from Mr. Heilman's file.

(ECF No. 146-1 at 2) (brackets added).

The same day – May 23, 2018 – defendant also filed the motion to strike plaintiff's request for status of motion to modify / reopen discovery schedule. (ECF No. 147). Defendant filed the motion on the grounds that plaintiff has agreed to settle this case. (See id.). This fact, defendant asserts, is incongruent with plaintiff requesting the status of any outstanding motion or with him seeking any further discovery in this case. (See generally id.).

Despite these filings by defendant and the fact that plaintiff has agreed to settle this case along with three others, in response to defendant's motion to strike, on June 4, 2018, plaintiff filed a motion to stay the proceedings, or alternatively, to vacate the <u>Heilman v. Silva</u> settlement agreement. (<u>See</u> ECF No. 148). In it, plaintiff asks this court to stay the proceedings in <u>Heilman v. Silva</u>, or in the alternative, to vacate the settlement agreement in that matter. (<u>See id.</u> at 1). Plaintiff provides no facts, law or reasoning in support of this request. (<u>See generally</u> ECF No. 148).

II. <u>ANALYSIS</u>

Plaintiff's motion to modify / reopen discovery, filed April 11, 2018 (ECF No. 144) was filed prior to plaintiff entering into an agreement in <u>Heilman v. Silva</u> to settle this matter and three others. Therefore, the motion is moot and will be denied as such.

As for plaintiff's May 2018 request for status on his motion to modify / reopen discovery (ECF No. 145), because it was filed well after plaintiff had agreed in his <u>Heilman v. Silva</u> negotiations to settle this matter, the court finds it is improperly before this court and that it was filed in bad faith. Therefore, the court will strike it.

Finally, with respect to plaintiff's June 2018 motion to stay or vacate (ECF No. 148), it is not within the undersigned's power or authority to stay proceedings or vacate settlement agreements generated in other actions. Moreover, the court finds the filing of plaintiff's motion requesting as much to also be improperly before this court and lacking in good faith given the fact that plaintiff has already agreed to settle the instant matter as well as three other cases. (<u>See generally</u> ECF No. 146-1 at 10; <u>see also</u> <u>Heilman v. Silva</u>, ECF No. 360).

Specifically, plaintiff's stay or vacate motion (ECF No. 148) appears to be an attempt to use the undersigned and the instant matter before this court to renege on the pending settlement agreement in <u>Heilman v. Silva</u> that will dispose of this matter and the three others identified by defense counsel (<u>see</u> ECF No. 146-1 at 2, ¶ 2). For these reasons, the court will also, sua sponte, strike it.

In sum, in light of the pending settlement agreement, both plaintiff's request for status on his motion to modify / reopen discovery, and his motion to stay or vacate are improperly before

this court. Plaintiff is warned that despite his pro se status in this matter, he is still subject to all federal local and civil rules, including Federal Rule of Civil Procedure 11. Rule 11 requires that motions plaintiff presents to the court are: (1) not being presented for any improper purpose such as to harass, cause unnecessary delay or needlessly increase the cost of litigation, and (2) ones that are warranted by existing law. See Fed. R. Civ. Proc. 11(b). In sum, Rule 11 effectively requires that plaintiff act in good faith throughout the proceedings in this court. Plaintiff is also warned that any future attempt to circumvent the settlement proceedings in this matter may result in the imposition of sanctions, pursuant to Rule 11(c) and Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 11, 2018 motion to modify / reopen discovery (ECF No. 144) is DENIED as moot in light of the parties' agreement on April 13, 2018 in Heilman v. Silva, No. 13-cv-2984 JLS AGS (S.D. Cal.) to settle the instant matter;

2. Defendant's May 23, 2018 motion to strike plaintiff's May 16, 2018 request for the status of his motion to modify / reopen discovery (ECF No. 147) is GRANTED;

3. Plaintiff's May 16, 2018 request for the status of his motion to modify / reopen discovery (ECF No. 145) is STRICKEN as improperly before the court and not filed in good faith given the pending settlement agreement in Heilman v. Silva, and

4. Plaintiff's June 4, 2018 motion to stay the instant proceedings or in the alternative, to vacate the settlement agreement in Heilman v. Silva (ECF No. 148) is also STRICKEN as improperly before the court and not filed in good faith.

Dated: June 11, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/heil1120.dso.vac.sttlmt.den

4