UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:10-cv-1120 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| L. SANCHEZ, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for reconsideration of the undersigned's order issued June 12, 2018 pursuant to Federal Rule of Civil Procedure 60(b). (See ECF No. 150). For the reasons stated herein, the motion for reconsideration will be denied.

I. RELEVANT BACKGROUND

On June 12, 2018, the court issued an order that: (1) denied plaintiff's April 11, 2018 motion to modify or reopen discovery (ECF No. 144) as moot in light of the parties' agreement on April 13, 2018 in Heilman v. Silva, No. 13-cv-2984 JLS AGS (S.D. Cal.) ("Silva") to settle the instant matter; (2) granted defendant's May 23, 2018 motion to strike plaintiff's May 16, 2018 request for the status of his motion to modify or reopen discovery (ECF No. 147); (3) struck from the record plaintiff's May 16, 2018 request for the status of his motion to modify / reopen

discovery (ECF No. 145) as improperly before the court and not filed in good faith given the pending settlement agreement in Silva, and (4) struck from the record plaintiff's June 4, 2018 motion to stay the instant proceedings or in the alternative, to vacate the settlement agreement in Silva (ECF No. 148) as also improperly before the court and not filed in good faith. (See ECF No. 149). Plaintiff moves the court to reconsider its decision to deny his motion to modify or reopen discovery. (See generally ECF No. 150 at 1). In the alternative, he asks that the court "hold any decision concerning this case in abeyance pending [his] motion to stay the proceedings, or vacate the settlement agreement in the Silva . . . case." (ECF No. 150 at 5).

II.   PLAINTIFF'S ARGUMENTS

Plaintiff's request for reconsideration argues that a reversal is warranted due to language in the court's March 27, 2018 order which states, "Should the case not settle, if the court permits additional discovery, both parties will be free to either renew or submit limited additional discovery requests." (See id. at 2) (plaintiff's motion for reconsideration); (see also ECF No. 142 at 7-8) (court's March 27, 2018 order).

Plaintiff further contends that he only has an "oral agreement" to dismiss this case in light of Silva. (See ECF No. 150 at 2). He also claims: (1) that in Silva, his stricken request to stay the proceedings or vacate the settlement agreement was to be done "pending an investigation into allegations of being 'under duress' as to coerce a settlement;" (2) that the duress claim constituted "good cause," for the stay / vacation filing, and (3) that the filing was simply a notification to the court, not a motion for a ruling to stay or vacate the settlement agreement in Silva.[1] (See id.).

---

[1] In plaintiff's motion for reconsideration, he contends that the court "misconstrued" his June 4, 2018 filing; that in it, he did not ask this court to stay or vacate the settlement agreement in Silva. (See ECF No. 150 at 2). Irrespective of this fact, the moment the parties agreed to settle Silva as well as this action and two others, plaintiff's obligation to negotiate in good faith warranted the cessation of additional substantive filings in this matter, especially given the fact that this court had already been put on notice by defense counsel on May 23, 2018 that the parties had agreed to settle in Silva. (See ECF No. 146).
  Indeed, plaintiff's notice filing which was redundant and unclear, serves as a prime example of how plaintiff has contributed significantly to the protracted resolution of this matter, a fact which he now bemoans. (See ECF No. 150 at 3-4). As a result, even plaintiff's complaints of "delay" in these proceedings could be given substantive consideration, they would hold little weight.

2

In addition, in what appears to be plaintiff's invocation of the catch-all provision found in Rule 60(b)(6),[2] plaintiff contends that he will be "irreparably harmed" if the court denies his motion to modify or reopen discovery for limited purposes should he prevail on his pending motion to stay the proceedings / vacate the settlement agreement in <u>Silva</u>. (<u>See</u> ECF No. 150 at 3-4). In support of this claim, plaintiff points to "the court's abuse of discretion in failing to timely rule on [his] discovery motions" and argues that this "delayed [his] obtaining [sic] pre-trial evidence during the discovery period." (<u>Id.</u> at 4) (brackets added). The court's delay in responding to his discovery requests and motions to compel, plaintiff alleges, constitutes "circumstances beyond his control." (<u>Id.</u> at 4-5). As a result, plaintiff argues, he will "be irreparably harmed in failing [sic] to acquire evidence for use at trial in this case." (<u>Id.</u> at 4). This, he argues, justifies a grant of relief under Rule 60(b)(6). (<u>See</u> ECF No. 150 at 4-5).

III. <u>ANALYSIS</u>

    A. <u>Effect of Court's March 27, 2018 Decision</u>

With respect to the statement in the undersigned's March 27, 2018 order providing for additional discovery requests which plaintiff contends support a grant of the instant motion and thus the resumption of discovery, the operative phrases in the court's statements are "[s]hould the case not settle," and "<u>if</u> the court permits additional discovery." (<u>See</u> ECF No. 142 at 7-8) (emphasis added) (brackets added). The record indicates that on April 4, 2018, plaintiff participated in a settlement conference for this action and that it did not settle. (<u>See</u> ECF No. 143). However, a few days later, plaintiff orally agreed to settle the <u>Silva</u> case along with the instant matter and two other cases.[3] (<u>See</u> generally <u>Silva</u>, ECF No. 373 at 4) (plaintiff's oral agreement to settle). Thus, the case is in the process of settling. As a result, there is no need to propound additional discovery.

////

////

---

[2] Rule 60(b)(6) states that a court may relieve a party from a final judgment, order or proceeding for any reason that justifies relief. <u>See</u> Fed. R. Civ. P. 60(b)(6).

[3] In addition to <u>Silva</u>, the cases were <u>Heilman v. Furster</u>, 15-cv-9987, JVS FFM (C. D. Cal.), and <u>Heilman v. Dillen</u>, 14-cv-6298 JFS FFM (C. D. Cal.). (<u>See Silva</u>, ECF No. 373 at 2, n.3).

3

B. Effect of Oral Agreement in Silva

As for plaintiff's implied assertion that the oral nature of his agreement to settle the four cases means a binding agreement does not exist and that this permits the undersigned to grant the motion for reconsideration (see generally ECF No. 150 at 2), statements on the record by defense counsel and plaintiff, as well as observations by the Silva court belie this claim that a settlement agreement has not been reached.

1. Statements of Parties Re: Case Settlement

On May 23, 2018, counsel for defendant Sanchez filed a notice of settlement in this court. (See ECF Nos. 146, 146-1). In it, defense counsel stated, "On April 13, 2018, [I] was notified by Deputy Attorney General Tiffany Johnson that [plaintiff] and his attorney of record in the matter of Heilman v. A. Silva, et al., S.D. Cal, 3:13-[cv]-02984 JLS-AGS settled four of [plaintiff's] pending cases, including this case." (ECF No. 146-1 at 1-2) (brackets added). Plaintiff does not dispute this. On the contrary, plaintiff admits that on April 13, 2018, he "had reached an 'oral' agreement to dismiss [the instant] case in light of an agreement . . . in [Silva]." (ECF No. 150 at 2) (brackets added). On June 6, 2018, plaintiff's former counsel in Silva also stated on the record that the Silva case has settled. (See Silva, ECF No. 372 at 2).

2. Court Findings Re: Case Settlement

In addition, a review of the docket in Silva indicates that on April 19, 2018, the Silva court also made a preliminary statement – pending any objections – that the matter has settled. (See Silva, ECF No. 360) (Silva court April 19, 2018 order vacating hearing and trial dates "in light of the settlement of this case"). Thereafter, on May 16, 2018, plaintiff attempted to stay the proceedings in Silva or, in the alternative, to vacate the settlement agreement. (Silva, ECF No. 362). The motion was denied by the Silva court on June 18, 2018. (See Silva, ECF No. 373). In that decision, the Silva court made clear that the Silva settlement agreement included the instant matter.[4] (See id. at 2, n.3).

---

[4] At that time, the court also gave plaintiff twenty-one days from the day of docketing of its decision to sign the settlement agreement or risk the matter's dismissal for failure to obey a court order. (See Silva, ECF No. 373 at 8). Thus, it appears that plaintiff has until July 9, 2018 to sign the settlement agreement negotiated in Silva which will also dispose of this matter.

4

1    In the instant motion, plaintiff's muted assertion that the Silva agreement has no weight

2    and / or is not binding because it was oral (see ECF No. 150 at 2) was for the Silva court to

3    decide, and on June 18, 2018, it determined that this argument is without merit.  (See Silva, ECF

4    No. 373 at 3-5) ("It makes no difference that the agreement was oral because a party may enter

5    into an oral settlement agreement before a court.") (citations omitted); see also Banner

6    Entertainment, Inc. v. Superior Court, 62 Cal. App. 4th 348, 368 (1998) (stating fact that formal

7    written agreement had yet to be signed did not alter binding validity of oral agreement).  At that

8    time, the Silva court also found that plaintiff's claim that he had entered the settlement agreement

9    under duress was "entirely unsubstantiated."  (See ECF No. 373 at 5-7).

### C. Effect of Plaintiff's Redundant Efforts to Reopen Discovery

Despite these clear statements by the Silva court, by defense counsel, and by plaintiff's former counsel that this case has settled, on June 15, 2018, plaintiff signed the instant motion which effectively asks the court yet again to reopen discovery in this case.  (See generally ECF No. 150 at 8).  Although it was filed just before the Silva court issued its June 18, 2018 reasoned decision which denied plaintiff a stay of the proceedings and a vacation of the settlement agreement, to date, plaintiff has not withdrawn the instant motion for reconsideration,[5] a grant of which had, on its face, a threshold potential to permit discovery to resume in this case in direct conflict with the finalization of the Silva settlement agreement.  Thus, plaintiff's failure to withdraw the instant motion for reconsideration is, arguably, yet another bad faith attempt on plaintiff's part to undermine the settlement agreement in these four cases.

### D. Effect of Settlement on "Irreparable Harm" Argument

Finally, given that the case has been settled, the court does not reach plaintiff's argument that he will be "irreparably harmed" if his motion for reconsideration is not granted and he, as a

---

[5] Plaintiff has filed motions to withdraw on more than one occasion throughout these proceedings.  (See ECF Nos. 119, 123).  Thus, the record shows that he is familiar with the substantive purpose of such a filing as well as with circumstances that would warrant the filing of a withdrawal.  Consequently, the absence of a filing of a request to withdraw his motion for reconsideration weeks after the Silva court has denied his request to vacate the settlement agreement for this case could be construed as yet another bad faith attempt on plaintiff's part to continue – and prolong – the proceedings in this case.

result, is unable to gather additional evidence for this case via discovery. (See ECF No. 150 at 4). The case settlement in Silva renders both the discovery request and its supporting irreparable harm argument moot.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 150) is DENIED as is his request to hold in abeyance any pending decisions in this case.

Plaintiff is again warned that he is subject to all federal local and civil rules, including Federal Rule of Civil Procedure 11. Any future attempt on his part to circumvent the settlement proceedings in this matter may result in the imposition of sanctions, pursuant to Rule 11(c) and Local Rule 110.

Dated: July 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS/PRISONER.CIVIL RIGHTS/heil1120.mtn.recon.den