UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:10-cv-1120 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| L. SANCHEZ, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff sought relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the court will take judicial notice of the documents recently filed by counsel for defendant (see ECF No. 154 et seq.), acknowledge the court's finding that the settlement agreement is valid, and for purposes of clarity of the record, direct counsel for defendant to file the relevant settlement and stipulation for voluntary dismissal documents as a separate, dispositive pleading.

I. RELEVANT PROCEDURAL HISTORY

On May 23, 2018, counsel for defendant filed a notice of settlement in this action along with a declaration in support of the notification of settlement. (ECF Nos. 146, 146-1). In the declaration, defense counsel informed the court that on April 13, 2018, she had been notified by another deputy attorney general that plaintiff and his attorney of record in Heilman v. Silva, No.

1

3:13-cv-2984 JLS AGS (S.D. Cal.) ("Silva")[1] had settled several of plaintiff's pending cases including this one.[2] (See generally ECF No. 146-1 at 1-2). At that time, the transcript from the settlement proceeding was being reviewed by the parties, and defense counsel informed the court that defendant might be unable to timely file the required dispositive documents as required under Local Rule 160(b) because plaintiff and his counsel of record had not returned the signed settlement agreement and voluntary dismissal. (See id. at 2).

After agreeing to settle these cases, plaintiff filed several motions in this case and in Silva to have the settlement agreement vacated. (See ECF Nos. 144, 150, 152; see also Silva, ECF Nos. 362, 371, 375, 382 et seq.). On June 12, 2018, the undersigned struck from the record plaintiff's motion to stay and/or vacate the settlement agreement in Silva on the grounds that it was improperly before the court and had not been filed in good faith. (See ECF No. 149).

Thereafter, on June 21, 2018, plaintiff filed a motion for reconsideration of its June 12, 2018 order, which was denied. (See ECF Nos. 150, 151). A subsequent motion to stay the proceedings filed by plaintiff on October 19, 2018, was also denied. (See ECF Nos. 152, 153). At the time of this denial, the court directed counsel for defendant to inform the court as to the status of the settlement proceedings in Silva. (See ECF No. 153).

On November 9, 2018, in response to the court's order, counsel for defendant filed a response, a declaration, and a request that the court take judicial notice of the documents filed therein. (See ECF Nos. 154 et seq.). The declaration informs the court that plaintiff has filed and signed both the settlement agreement and a stipulation to voluntarily dismiss this action. (See ECF No. 154-1 at 2). The request for judicial notice provides a number of documents that support the statements in counsel's declaration, including signed copies of the settlement

---

[1] For ease of reference, the court will primarily cite directly to documents on the Silva docket instead of to the documents filed herein by counsel for defendant.

[2] In addition to the instant matter, ultimately, the other cases to be settled in the agreement were: Heilman v. Silva, No. 3:13-cv-2984 JLS AGS (S.D. Cal.); Heilman v. Cook, No. 3:14-cv-1412 JLS AGS (S.D. Cal.); Heilman v. Dillen, No. 2:14-cv-6298 JVS FFM (C.D. Cal.), and Heilman v. Furster, No. 2:15-cv-9987 JVS FFM (C.D. Cal.). (See Silva, ECF No. 385 at 8). At some point, Silva and Cook were consolidated. (See ECF No. 154-2 at 146).

2

| | |
|---|---|
| 1 | agreement and the voluntary waiver for this case.  (See ECF No. 154-2 at 71-75, 76-81, 84).  The |
| 2 | response filed by defense counsel asks the court to "file [plaintiff's] signed stipulation for |
| 3 | voluntary dismissal with prejudice and close this case."  (See ECF No. 154 at 3-4) (brackets |
| 4 | added). |

II. DISCUSSION

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b)(2).  The court takes judicial notice of the documents filed by counsel for defendant as well as of the docket in Silva.  An in-depth review of these records indicates that on September 25, 2018, the Silva court denied plaintiff's outstanding motions that contested the validity of the settlement agreement.  (See Silva, ECF No. 392 at 3-4).  The court found that defendants had approved the settlement agreement and had agreed to the voluntary dismissal of plaintiff's claims.  (See id. at 4).  It also found that plaintiff had signed and filed the voluntary dismissal.  (See id.).  As a result, the court granted the voluntary dismissal of plaintiff's claims and ordered the cases that were in front of it – Silva and Cook – closed.  (See Silva, ECF No. 392 at 4-5).

The record is clear that this matter has been settled.  The settlement agreement as signed by the parties is valid.  It is also clear that all parties have voluntarily stipulated that this action be dismissed.  (See Silva, ECF No. 385 at 1-5, 6-11, 14; see also ECF No. 154-2 at 71-75, 76-81, 84).  Nevertheless, for purposes of clarity of the record, the court will order counsel for defendant to file the settlement agreement and stipulation for voluntary dismissal documents as a separate, dispositive pleading in this matter.  Thereafter, the matter will be dismissed.

////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that within seven days of the date of this order counsel for defendant shall file the parties' settlement agreement and the related stipulation for voluntary dismissal of this action as a separate, dispositive pleading.

Dated: November 28, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/heil1120.sttlmt.59c2